DECISION AND JUDGMENT ENTRY
{¶ 1} Jack Oakley appeals a judgment of the Athens County Court of Common Pleas dismissing his complaint against a bank and two individuals. Relying on Civ.R. 55, Oakley argues that the trial court erred by failing to conduct a hearing before dismissing his complaint. We conclude Civ.R. 55 is inapplicable since it applies specifically to default judgments and the trial court did not enter a default judgment against Oakley. Moreover, we conclude the trial court did not err in failing to hold a hearing on appellees' motions to dismiss as Oakley did not request one.
 {¶ 2} In June 2003, Jack Oakley, an inactive attorney, filed a complaint on behalf of the Jack Victor Oakley Trust against Michael Nolan, First National Bank of Nelsonville, and Steven Fox, individually and as President of First National Bank of Nelsonville. In the complaint, Oakley set forth claims for tortious interference with a business relationship, breach of contract, and civil conspiracy. That same month, the court sua sponte stayed the proceedings in order to allow Oakley to either reactivate his standing with the Supreme Court of Ohio or retain a licensed, active attorney to represent the Trust. Oakley subsequently reactivated his standing with the Supreme Court of Ohio. He also revoked the Jack Victor Oakley Trust.
 {¶ 3} In September 2003, the defendants filed motions to dismiss arguing that the case could no longer proceed in the name of the Trust now that the Trust had been revoked. Oakley responded by requesting leave to file an amended complaint naming himself as plaintiff. The trial court converted Oakley's motion into a motion to substitute the proper party and granted the motion.[1] Subsequently, the defendants filed motions to dismiss for failure to state a claim upon which relief could be granted. On February 19, 2004, the trial court granted the defendants' motions and dismissed Oakley's complaint. One week after the court's decision, and two months after the defendants filed their motions to dismiss, Oakley responded to the defendants' motions. Oakley now appeals the trial court's judgment dismissing his complaint and raises the following assignment of error: "Plaintiff/Appellant cites as error the trial court's dismissal of his amended complaint without the benefit of a hearing as required under Civil Rule 55, Ohio Rules of Civil Procedure, after Plaintiff/Appellant had made an appearance in this case."
 {¶ 4} In his sole assignment of error, Oakley argues that the trial court erred by failing to hold a hearing before dismissing his complaint. Specifically, Oakley argues that the trial court must hold a hearing prior to granting a default judgment if the person against whom default judgment is sought has made an appearance in the case. Oakley relies on Civ.R. 55 to support his argument.
 {¶ 5} Civ.R. 55, which governs default judgments, states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore * * *. If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. * * *." {¶ 6} A clear reading of Civ.R. 55 indicates that it applies solely to default judgments. Oakley mistakenly believes that the trial court granted a default judgment against him. Our review of the record indicates that is not the case. At no time did the trial court enter a default judgment against Oakley. It granted motions to dismiss under other provisions of the Civil Rules.
 {¶ 7} In his reply brief, Oakley points to the trial court's use of the word "default" to support his argument that the trial court entered a default judgment against him. However, the only reference to "default" that occurs in the court's decision appears in the instructions to the clerk. Those instructions state: "The Clerk, pursuant to Civ.R. 58(B), shall serve notice of the judgment and its date of entry upon the journal on all parties who are not in default for failure to appear." Thus, this use of the word "default" is unrelated to the disposition of the case. Because the trial court did not enter a default judgment against Oakley, Civ.R. 55 is inapplicable. Accordingly, Oakley's argument lacks merit.
 {¶ 8} Even if we were to construe Oakley's argument more broadly, i.e., as challenging the dismissal of his complaint without a hearing, we would conclude that the argument lacks merit.
 {¶ 9} Civ.R. 6(D) provides that a written motion and notice of the hearing on such motion shall be served no later than seven days before the time fixed for the hearing. However, Civ.R. 7(B) permits courts to "make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support or opposition." In accordance with Civ.R. 7(B), the Athens County Court of Common Pleas has enacted Loc.R. 10, which states: "All motions shall be accompanied by a brief or memorandum stating the grounds thereof and citing the authorities relied upon. * * * The opposing party may file an answer brief by the fourteenth day after the day on which the motion was filed. The moving party may file a reply brief by the twenty-first calendar day after the motion was filed. Thereafter, the motion shall be deemed submitted for non-oral hearing. An oral hearing is permitted only upon writtenrequest and leave of court at a time to be set by the court. This rule shall apply to all motions except in domestic relations matters." (Emphasis added.)
 {¶ 10} Loc.R. 10 of the Court of Common Pleas of Athens County, General Division, clearly states that a party must request an oral hearing on a motion. There is no evidence that Oakley requested an oral hearing on the defendants' motions to dismiss. In fact, as noted above, Oakley did not even respond to the motions until after the trial court issued its decision. Because Oakley did not request a hearing on the defendants' motions, the trial court did not err by dismissing Oakley's complaint without a hearing. Accordingly, we overrule Oakley's assignment of error and affirm the trial court's judgment.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] Although the trial court substituted Oakley as the plaintiff, the court failed to change the case title to reflect the substitution. Thus, the case title continues to designate the Jack Victor Oakley Trust as the plaintiff.