DECISION AND JUDGMENT ENTRY
{¶ 1} Jack V. Oakley appeals from a summary judgment in favor of Michael Nolan and First National Bank of Nelsonville, Ohio ("FNB") in his defamation and invasion of privacy causes of action. On appeal, Oakley contends that the trial court erred in granting Nolan's and FNB's motion for summary judgment. Because, in construing the evidence and all inferences therefrom in Oakley's favor, we find that there is no genuine issue as to any material fact in the defamation and invasion of privacy causes of action; that Nolan and FNB are entitled to judgment as a matter of law; and that reasonable minds can come to only one conclusion, and that conclusion is adverse to Oakley, we disagree. Oakley next contends that the trial court erred when it did not have an oral hearing for the summary judgment motion. Because Civ.R. 56 allows a non-oral hearing and because the trial court's Loc.R. 10 required a party to *Page 2 
request an oral hearing, we disagree. Accordingly, we overrule both of Oakley's assignments of error and affirm the judgment of the trial court.
 I. {¶ 2} Oakley's two causes of action for defamation and invasion of privacy against Nolan and FNB arose out of Oakley's bankruptcy case. Prior to filing for bankruptcy, Oakley and FNB were in litigation over some banking transactions. Nolan represented FNB. Although it is not clear from the record, apparently the bankruptcy filing automatically stayed this earlier litigation. It appears that Oakley listed FNB as a creditor in his bankruptcy filing.
 {¶ 3} Subsequent to the bankruptcy petition, Oakley filed the two actions. Nolan and FNB answered and filed a motion for summary judgment. Oakley asked the court for additional time to conduct discovery. The trial court denied his request.
 {¶ 4} We now outline the evidence submitted to the court considering the motion for summary judgment.
 {¶ 5} The bankruptcy court scheduled a hearing regarding the settlement of one of Oakley's claims against another bank. James E. Nobile, Oakley's counsel, sent a letter about this hearing to several people including Nolan. In this letter, Nobile wrote that Oakley was in the process of finalizing a deal to sell certain real property. After receiving this letter, Nolan contacted the bankruptcy trustee, allegedly to tell her that the sale of the real property had already occurred. In addition, Nolan also faxed the trustee a copy of a newspaper article, which stated that Oakley had "closed" on the real property in question. *Page 3 
 {¶ 6} The bankruptcy trustee was interested in this real property, because she alleged that Oakley had an interest in it. Title to the real estate was not in Oakley's name, but he owned fifty-four percent (54¶) of the stock in the company who held title. The trustee wanted Oakley's interest in the sales proceeds from the real property deposited into the bankruptcy estate. The trustee stated that Nolan informed her of the newspaper article about this property and Oakley's attempt to sell "star bricks."
 {¶ 7} Oakley does not deny trying to sell the real property and the bricks. He put at least one deal together for the real property that fell through. Nobile told Nolan that Oakley did not dispute the newspaper article.
 {¶ 8} Oakley claims that Nolan's communication to the bankruptcy trustee was intentionally false (defamatory.) He further states that his bankruptcy did not proceed favorably for him because of this statement.
 {¶ 9} None of the parties requested an oral hearing on the motion for summary judgment, and the trial court did not hold one. The court granted Nolan's and FNB's motion.
 {¶ 10} Oakley appeals from the summary judgment but does not appeal the trial court's denial of his request for discovery. He asserts two assignments of error: I. The trial court erred in granting Nolan's and FNB's motion for summary judgment. And, II. The trial court erred in granting the motion for summary judgment without a hearing as proscribed by Civ.R. 56.
 II. *Page 4 {¶ 11} Oakley contends in his first assignment of error that the trial court erred when it granted Nolan's and FNB's motion for summary judgment. Our review is de novo.
 {¶ 12} Summary judgment is appropriate only when it has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). SeeBostic v. Connor (1988), 37 Ohio St.3d 144, 146; Morehead v. Conley
(1991), 75 Ohio App.3d 409, 411. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First United MethodistChurch (1994), 68 Ohio St.3d 531, 535.
 {¶ 13} The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v.Burt (1996), 75 Ohio St.3d 280, 294, citing Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). See, also, Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 111; Dresher, supra at 294-95.
 {¶ 14} In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail. Morehead, *Page 5 75 Ohio App.3d at 411-12. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. See, also,Schwartz v. Bank-One, Portsmouth, N.A. (1992), 84 Ohio App.3d 806, 809.
 {¶ 15} A plaintiff must prove four elements in a defamation cause of action: "[1] a false and defamatory statement concerning another; [2] an unprivileged publication to a third party; [3] fault amounting at least to negligence on the part of the publisher; and [4] either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. (Cites omitted.)" Galyean v.Greenwell, Washington App. No. 05CA11, 2007-Ohio-615, ¶ 63.
 {¶ 16} A truthful statement is a complete defense to a defamation action. R.C. § 2739.02.
 {¶ 17} Here, based on the evidence submitted to the court, Nolan and FNB met their burden of showing that no genuine issue of material fact exists as to one of the elements of defamation, i.e., a false and defamatory statement concerning another. Oakley, in turn, failed to produce evidence contrary to this conclusion.
 {¶ 18} The evidence submitted to the court shows that a newspaper article stated that Oakley had "closed" on the real property in question. The trustee's affidavit stated that Nolan informed her of the newspaper article and Oakley's attempt to sell "star bricks." Nolan and FNB produced other affidavits that demonstrated that Oakley was trying to sell the real property and "star bricks." Nolan's affidavit denies that he said Oakley had sold either the property or the bricks. Both the trustee and Nolan deny anything else was discussed relating to his efforts to sell that property. *Page 6 
 {¶ 19} The evidence further shows that Oakley does not deny trying to sell the real property and the bricks. He put at least one deal together for the real property, but it fell through. In fact, Nobile told Nolan that Oakley did not dispute the newspaper article.
 {¶ 20} Therefore, in construing the evidence and all inferences therefrom in Oakley's favor, we find that there is no genuine issue as to any material fact in the defamation cause of action; that Nolan and FNB are entitled to judgment as a matter of law; and that reasonable minds can come to only one conclusion, and that conclusion is adverse to Oakley.
 {¶ 21} In addition, statements made during the course of judicial proceedings, which are reasonably related to those proceedings, are provided immunity from a defamation action. Surace v. Wuliger (1986),25 Ohio St.3d 229, 233. The public policy of guaranteeing the free flow of information in a judicial proceeding is the reason for the immunity or privilege. Id. at 234. This immunity or privilege extends to "every step in the proceeding, from beginning to end." M.J. DiCorpo, Inc. v.Sweeney (1994), 69 Ohio St.3d 497, 506.
 {¶ 22} Here, Nolan made the alleged defamatory statement to Oakley's bankruptcy trustee in response to a letter from Nobile, Oakley's counsel. Nobile notified Nolan, presumably because he had represented FNB in other matters, about the hearing concerning the settlement of another bank's claim. In the letter, Nobile talked about finalizing a deal to sell certain property. Nolan then contacted the trustee and told her about the newspaper article and about Oakley trying to sell bricks. *Page 7 
 {¶ 23} Therefore, based on these facts, we find that Nolan's communication was reasonably related to the bankruptcy matter. Assets of the bankruptcy estate would affect all the creditors, including FNB. Consequently, even if the alleged defamatory statement was false, we find that the statement was privileged.
 {¶ 24} In regards to the invasion of privacy action, a plaintiff must prove five elements: "1) the disclosure was public in nature; (2) the facts disclosed concerned an individual's private life, not his public life; (3) the matter publicized would be highly offensive and objectionable to a reasonable person of ordinary sensibilities; (4) the publication was made intentionally, not negligently and (5) the matter publicized was not of legitimate concern to the public." Peterman v.Stewart, Delaware App. No. 05-CAE-12-0082, 2006-Ohio-4671, ¶ 54. However, if a statement is privileged under a defamation action, then it is also privileged in an invasion of privacy action. Battig v.Forshey (1982), 7 Ohio App.3d 72, 73-74.
 {¶ 25} Here, we found that the alleged defamatory statement was privileged. Therefore, pursuant to Battig, the same statement is privileged in the invasion of privacy action.
 {¶ 26} Therefore, in construing the evidence and all inferences therefrom in Oakley's favor, we find that there is no genuine issue as to any material fact in the defamation and invasion of privacy causes of action; that Nolan and FNB are entitled to judgment as a matter of law; and that reasonable minds can come to only one conclusion, and that conclusion is adverse to Oakley.
 {¶ 27} Accordingly, we overrule Oakley's first assignment of error. *Page 8 
 III. {¶ 28} Oakley contends in his second assignment of error that Civ.R. 56 requires the trial court to hold an oral hearing on a motion for summary judgment. Oakley's argument raises a legal question, which we review de novo.
 {¶ 29} "[A] trial court is not required to schedule an oral hearing on every motion for summary judgment. (Cites omitted.) The `hearing' contemplated by Civ.R. 56(C) may be either a formal, oral hearing (in which the trial court entertains oral arguments from counsel on a scheduled date preceded by the parties' filings of memoranda and Civ.R. 56 evidentiary materials) or a `nonoral,' informal one. (Cites omitted). Whether to grant a party's request for oral hearing is a decision within the trial court's discretion." (Cites omitted). Hooten v. Safe Auto Ins.Co., 100 Ohio St.3d 8, 2003-Ohio-4829, ¶ 14. "Loc.R. 10 of the Court of Common Pleas of Athens County, General Division, clearly states that a party must request an oral hearing on a motion." Jack V. Oakley Trust v.First Nat. Bank of Nelsonville, Athens App. No. 04CA15, 2004-Ohio-4126, ¶¶ 9, 10.
 {¶ 30} Therefore, as a matter of law, the trial court was not required to have a hearing. Hooten, supra, at ¶ 14. Instead, the trial court has discretion on whether to conduct an oral hearing. Id. In addition, the record does not show that Oakley requested an oral hearing on the motion for summary judgment as required by the court's local rules. Consequently, the trial court did not abuse its discretion when it did not conduct an oral hearing.
 {¶ 31} Accordingly, we overrule Oakley's second assignment of error and affirm the judgment of the trial court. *Page 9 
 JUDGMENT AFFIRMED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J.: Concurs in Judgment Only. Harsha, J.: Concurs in Judgment and Opinion. *Page 1