OPINION
{¶ 1} Plaintiff-appellant, Billy Stafford, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Columbus Bonding Center, Inc. ("CBC"). For the reasons that follow, we affirm the trial court's decision.
 {¶ 2} CBC posted two bonds for John Stafford, the plaintiff-appellant's brother. When John Stafford failed to appear for his court appearances, he forfeited his bonds. *Page 2 
CBC then hired Clever Investigations, Inc. ("Clever Investigations") to find and arrest the fugitive. Clever Investigations, in turn, allegedly hired Brian S. Callahan as the "bounty hunter."
 {¶ 3} On April 30, 2002, while searching for John Stafford, Callahan approached and accosted Billy Stafford. Mistaking Stafford for his fugitive brother, Callahan grabbed Stafford by his neck, held a gun to his head, and threatened to shoot unless Stafford turned over his wallet. After looking at Stafford's identification and realizing that Stafford was not the fugitive that he was searching for, Callahan released Stafford and returned to his car. However, when he saw Stafford writing down his license plate number, Callahan exited the car and verbally threatened and menaced Stafford again. As a result of these actions, Callahan was later prosecuted and convicted of aggravated menacing.
 {¶ 4} On May 16, 2005, Stafford filed suit against CBC, Clever Investigations, and Callahan alleging claims for negligent hiring, retention, training, and supervision; negligence; assault and battery; and intentional infliction of emotional distress. CBC filed a motion for summary judgment, arguing in part that the applicable statutes of limitations barred each of Stafford's claims. The trial court agreed and, on October 31, 2006, entered judgment in CBC's favor on all of Stafford's claims. Stafford now appeals from that judgment and sets forth the following assignment of error for our review:
 The Trial Court erred in granting summary judgment on the Appellant's claim for intentional infliction of emotional distress.
 {¶ 5} By his only assignment of error, Stafford argues that he timely asserted his claim for intentional infliction of emotional distress. We disagree.
 {¶ 6} In reviewing a summary judgment at the appellate level, we make an independent determination without deference to the trial court.City of Sharonville v. *Page 3 American Employers Ins. Co., 109 Ohio St.3d 186, 2006-Ohio-2180, at ¶ 5. Pursuant to Civ.R. 56, summary judgment is appropriate only when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. The moving party must establish that reasonable minds can come to but one conclusion, and that that conclusion is adverse to the party against whom the motion for summary judgment is made. Bostic v. Connor (1988),37 Ohio St.3d 144, 146.
 {¶ 7} With respect to the claim presented for review, Ohio recognizes a claim for intentional infliction of emotional distress as an independent tort. Yeager v. Local Union 20, Teamsters, Chauffeurs,Warehousemen Helpers of Am. (1983), 6 Ohio St.3d 369, 373-375. Under Ohio law, in order to prove a claim of intentional infliction of emotional distress, the plaintiff must show that the defendant intentionally or recklessly caused him serious emotional distress by extreme and outrageous conduct. Id. at 374.
 {¶ 8} Generally, the applicable statute of limitations for a claim of intentional infliction of emotional distress is four years. Id. at 375. However, when the acts underlying the claim would support another tort, the statute of limitations for that other tort governs the claim for intentional infliction of emotional distress. Doe v. First UnitedMethodist Church, 68 Ohio St.3d 531, 536, 1994-Ohio-531. In order to determine the applicable statute of limitations for a particular claim, courts must look to the actual nature or subject matter of the acts giving rise to the complaint, rather than the form in which the action is pleaded. Id.; Love v. City of Port Clinton (1988), 37 Ohio St.3d 98,99. A party cannot transform one cause of action into another through clever pleading or an alternate *Page 4 
theory of law in order to avail itself of a more satisfactory statute of limitations. Callaway v. Nu-Cor Automotive Corp., 166 Ohio App.3d 56,2006-Ohio-1343, at ¶ 14.
 {¶ 9} In this case, the trial court found that Stafford's claim for intentional infliction of emotional distress arose from an assault and battery, and thus, it held that the one-year statute of limitations for assault and battery governed the claim. See R.C. 2305.111 (setting forth the one-year statute of limitations for assault and battery). In tort, an assault is "`the willful threat or attempt to harm or touch another offensively, which threat or attempt reasonably places the other in fear of such contact.'" Vandiver v. Morgan Adhesive Co. (1998),126 Ohio App.3d 634, 638, quoting Smith v. John Deere Co. (1993),83 Ohio App.3d 398, 406. Battery is an intentional contact with another that is harmful or offensive. Love, supra, at 99. Here, Callahan intentionally and offensively touched Stafford by grabbing him by the neck and putting a gun to his head. Further, by his actions and words, Callahan threatened additional offensive and harmful contact if Stafford did not comply with his demands. Because the essential character of the alleged tort is actual and threatened offensive contact, the one-year statute of limitations for assault and battery governs.
 {¶ 10} Nevertheless, Stafford contends that the underlying behavior in his claim is not assault and battery but aggravated menacing. As we stated above, courts examine the acts underlying a claim to determine the true nature of the tort being pursued. Doe, supra, at 536. Once that tort is identified, the plaintiff must comply with the statute of limitations applicable to that tort. Id. As aggravated menacing is a crime — and not a tort — it is irrelevant to this analysis. See R.C.2903.21 (setting forth the offense of aggravated menacing). *Page 5 
 {¶ 11} Furthermore, we reject Stafford's argument thatYeager, supra, dictates a different result. There, a four-year statute of limitations governed the plaintiff's claim for intentional infliction of emotional distress. However, "Yeager does not stand for the proposition that every claim which invokes an intentional infliction of emotional distress allegation is entitled to the benefit of the four year limitations provision applied in that case." Dawson v. AstrocosmosMetallurgical, Inc., Wayne App. No. 02CA0025, 2002-Ohio-6998, at ¶ 30. Rather, pursuant to Doe, supra, if a claim for intentional infliction of emotional distress is grounded in conduct that supports another cause of action, then the plaintiff is subject to the statute of limitations for that other cause of action. Here, because the essential character of Stafford's claim is actual and threatened intentional, offensive contact, Stafford must comply with the one-year statute of limitations for assault and battery.
 {¶ 12} Because Stafford filed his claim for intentional infliction of emotional distress over two years after the applicable statute of limitations elapsed, his claim is untimely. Accordingly, we conclude that the trial court properly granted CBC summary judgment on Stafford's claim for intentional infliction of emotional distress, and we overrule Stafford's only assignment of error.
 {¶ 13} Based on the foregoing, we overrule Stafford's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 SADLER, P.J., and McGRATH, J., concur. *Page 1