STAFFORD, Appellant, Cross–Appellee,

v.

COLUMBUS BONDING CENTER, d.b.a. Columbus Bail Bonds, Appellee, Cross–Appellant; Clever Investigations, Inc., et al., Appellees.

[Cite as *Stafford v. Columbus Bonding Ctr.*, 177 Ohio App.3d 799, 2008-Ohio-3948.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 07AP–900.

Decided Aug. 5, 2008.

800

Moore & Yaklevich, W. Jeffrey Moore, and John A. Yaklevich, for appellant/cross-appellee.

Keith O'Korn and Gregg Slemmer, for appellee/cross-appellant.

Per Curiam.

{¶ 1} Billy J. Stafford, plaintiff-appellant/cross-appellee, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court overruled appellant's objections and affirmed the magistrate's decision finding that appellant's attorney, W. Jeffrey Moore, had engaged in frivolous conduct. Columbus Bonding Center, d.b.a. Columbus Bail Bonds ("CBC"), defendant-appellee/cross-appellant, appeals the same judgment.

{¶ 2} On April 30, 2002, Brian S. Callahan was working as a bounty hunter for Clever Investigations, Inc. ("Clever"). CBC hired Clever to locate and arrest appellant's brother, John, whose failure to appear at several court appearances had resulted in his bond being revoked. Callahan located appellant and originally believed him to be John. Callahan physically restrained appellant and threatened him with a rifle before determining he was not John. Callahan was later convicted of aggravated menacing as a result of the incident.

{¶ 3} On April 29, 2004, Moore, as attorney for appellant, filed an action against CBC, Clever, and Callahan in federal court. Appellant voluntarily dismissed the action on May 11, 2004. On May 16, 2005, appellant filed the present action against CBC, Clever, and Callahan, raising the same claims as he had in the federal court case, including direct claims and respondeat superior claims against CBC for assault and battery, negligence, recklessness, willful and wanton conduct, and intentional infliction of emotional distress. On July 14, 2006, CBC filed a motion for summary judgment, claiming the applicable statutes of limitations barred appellant's claims. On October 13, 2006, the trial court granted CBC's motion for summary judgment, finding that appellant's claims were time-barred. With regard to appellant's claim for intentional infliction of emotional distress, the court determined the claim was actually based upon assault and battery and, thus, subject to a one-year statute of limitations, which had expired. On October 31, 2006, the trial court entered a final judgment granting CBC summary judgment. Appellant appealed the trial court's judgment, challenging only the dismissal of his claim for intentional infliction of emotional distress. Appellant asserted that his claim for intentional infliction of emotional distress arose from menacing and not assault and battery. This court found the essential character of appellant's intentional infliction of emotional distress was assault and battery and affirmed the trial court's judgment in *Stafford v. Clever Investigations, Inc.*, Franklin App. No. 06AP–1204, 2007-Ohio-5086, 2007 WL 2800333.

{¶ 4} On October 6, 2006, CBC filed a motion for attorney fees and sanctions in the trial court against appellant's counsel, pursuant to R.C. 2323.51 and Civ.R. 11, claiming appellant had filed the action frivolously, knowing that the statutes of

limitations had expired on his claims, he had submitted frivolous pleadings, he had submitted inadmissible documentary evidence, and he had misstated the law. A hearing before a magistrate was held on February 5, 2007, with regard to the motion for sanctions. On May 15, 2007, the magistrate filed her decision and found that appellant had violated both R.C. 2323.51 and Civ.R. 11. The magistrate ordered appellant to pay attorney fees and sanctions totaling $5,095. Both appellant and CBC filed objections to the magistrate's decision. CBC asserted in its objections that the sanctions ordered should be increased by the amount of fees CBC incurred during the sanctions hearing, the fees incurred in retaining an expert for the sanctions hearing to testify as to the reasonableness of the legal fees, and the fees incurred preparing CBC's response to appellant's objections and its own objections. The trial court overruled both parties' objections on October 2, 2007. Appellant appeals the judgment of the trial court, asserting the following assignments of error:

I. The trial court erred in finding that the defendant presented sufficient evidence of plaintiff's counsel acting frivolously and in violation of Rule 11 to warrant sanctions.

II. The trial court erred in supporting the magistrate[']s decision that the filing of causes of action outside the statute of limitations is automatically frivolous conduct and in violation of Rule 11.

III. The trial court erred in finding that the filing of the intentional inflictions of emotional distress claim was frivolous and in violation of Rule 11.

IV. The trial court erred in refusing to rule on the issue of Columbus Bonding Center Inc.'s vicarious liability for the actions of defendant Callahan and whether Callahan's leaving the state of Ohio tolled the statute of limitations as to CBC Inc.

V. The [trial] court erred in considering the defendant appellee[']s motion for sanction[s] ripe for hearing and decision.

VI. The trial court erred [in] upholding the magistrate's award of $5,095 as sanctions and attorney fees.

CBC has filed a cross-appeal of the trial court's judgment, asserting the following assignment of error:

The trial court erred when it overruled the Defendant's objections to the Magistrate's Decision filed on June 8, 2007. In overruling the objection, the trial court erred by finding that the record did not contain competent, credible evidence to support the inclusion in the overall sanctions award of the following attorney fees and expenses incurred by the Defendant: (1) attorney fees for its counsel's prosecution of the sanctions hearing; (2) expenses and attorney fees for retaining an expert witness, an attorney, to testify at the sanctions hearing regarding the reasonableness of Defendant's attorney fees in defending the

underlying case; and (3) attorney fees incurred for filing an objection to the Magistrate's Decision and for filing a response to the Plaintiff's own objection. Also in overruling the objection, the trial court erred by finding that Defendant was not entitled to its attorney fees for responding to Plaintiff's objection to the Magistrate's Decision or objecting to the Magistrate's Decision itself.

{¶ 5} We will address appellant's first, second, third, and fourth assignments of error together, as they are related. Appellant argues in his first assignment of error that the trial court erred when it found CBC presented sufficient evidence of Moore's acting frivolously and in violation of Civ.R. 11. Appellant argues in his second assignment of error that the trial court erred when it found that the filing of a cause of action outside the statute of limitations is automatically frivolous conduct and in violation of Civ.R. 11. Appellant argues in his third assignment of error that the trial court erred when it found that the filing of the intentional-infliction-of-emotional-distress claim was frivolous and in violation of Civ.R. 11. Appellant argues in his fourth assignment of error that the trial court erred when it refused to rule on the issue of CBC's vicarious liability for the actions of Callahan and whether Callahan's leaving Ohio tolled the statutes of limitations as to CBC.

■ {¶ 6} The trial court found Moore's conduct frivolous pursuant to R.C. 2323.51 and Civ.R. 11. R.C. 2323.51 provides that a party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action. The term "conduct" is defined as the filing of a civil action; the assertion of a claim, defense, or other position in connection with a civil action; or the taking of any other action in connection with a civil action. R.C. 2323.51(A)(1)(a). The term "frivolous" is defined as conduct by a party to a civil action that is not warranted under existing law and cannot be supported by a good-faith argument for an extension, modification, or reversal of existing law. R.C. 2323.51(A)(2)(a)(ii). In determining whether the claim itself is frivolous, the test is whether no reasonable lawyer would have brought the action in light of the existing law. *Orbit Electronics, Inc. v. Helm Instrument Co., Inc.*, 167 Ohio App.3d 301, 2006-Ohio-2317, 855 N.E.2d 91, citing *Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857.

■■ {¶ 7} Similarly, under Civ.R. 11, a court may award a party attorney fees and expenses if an opposing attorney filed a pleading or motion in violation of the rule. The trial court's decision to impose sanctions, pursuant to Civ.R. 11, cannot be reversed absent an abuse of discretion. See *State ex rel. Fant v. Sykes* (1987), 29 Ohio St.3d 65, 29 OBR 446, 505 N.E.2d 966. Abuse of discretion connotes an attitude that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

Civ.R. 11 states that every pleading, motion, or other document of a party represented by an attorney must be signed by at least one attorney of record in the attorney's individual name. The attorney's signature constitutes certification by the attorney of the following: (1) that he or she has read the pleading, motion, or document, (2) that to the best of the attorney's knowledge, information, or belief, the pleading, motion, or document is supported by good grounds, and (3) that the pleading, motion, or document is not interposed for delay. Civ.R. 11.

{¶ 8} Thus, the relevant inquiry under Civ.R. 11 is whether the attorney's actual intent or belief was of willful negligence. See *Ceol v. Zion Industries, Inc.* (1992), 81 Ohio App.3d 286, 290, 610 N.E.2d 1076. Civ.R. 11 applies a subjective bad-faith standard. *Riston*, supra, at ¶ 12, citing *Stone v. House of Day Funeral Serv., Inc.* (2000), 140 Ohio App.3d 713, 721, 748 N.E.2d 1200. The attorney's actual intent or belief is consequently relevant to the determination of whether he or she acted willfully. Id. In contrast, R.C. 2323.51 employs an objective standard in determining whether sanctions may be imposed for frivolous conduct. *Stevenson v. Bernard*, Lake App. No. 2006–L–096, 2007-Ohio-3192, 2007 WL 1810487, at ¶ 41. Therefore, a finding of frivolous conduct under R.C. 2323.51 is determined without reference to what the individual knew or believed. *Wauseon v. Plassman* (Nov. 22, 1996), Fulton App. No. F–96–003, 1996 WL 673521. Accordingly, R.C. 2323.51 is broader in scope than Civ.R. 11. *State Farm Ins. Cos. v. Peda*, Lake App. No. 2004–L–082, 2005-Ohio-3405, 2005 WL 1538623, at ¶ 25.

{¶ 9} In the present case, appellant argues that his filing of the complaint was not frivolous, because (1) there existed certain issues that affected the tolling statute that would arguably rectify the late filing, (2) because the statute of limitations is an affirmative defense, there was the possibility that CBC would waive the defense if it did not timely raise it, and (3) he believed his claim for intentional infliction of emotion distress had a four-year statute of limitations.

{¶ 10} Appellant first argues that his filing of the complaint was not frivolous, because there were issues that affected the tolling statute that would arguably rectify the late filing. Specifically, appellant contends in his fourth assignment of error that the trial court erred when it refused to rule on the issue of CBC's vicarious liability for Callahan's actions and, thus, whether Callahan's leaving Ohio tolled the statute of limitations as to CBC pursuant to R.C. 2305.15(A). In addressing this issue, the trial court first pointed out that appellant did not raise this tolling issue at any point during the summary-judgment proceedings or in the sanctions hearing before the magistrate. Our own review of the record confirms that appellant did not raise the tolling theory until he filed objections to the magistrate's decision. The trial court indicated it was unclear whether it could consider the tolling theory when it had not been raised previously.

{¶ 11} Nevertheless, the trial court considered appellant's tolling argument under R.C. 2305.15(A) and rejected it. R.C. 2305.15(A) provides:

When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.

We agree with the trial court that appellant demonstrated no reasonable basis for the application of R.C. 2305.15(A). As indicated above, R.C. 2305.15(A) permits the tolling of the statute of limitations when a party has absconded or concealed himself. In the present case, appellant failed to present any evidence that Callahan was out of the state, had absconded, or had concealed himself. Appellant had the burden of proving that Callahan was absent from the state in a manner that would invoke the tolling statute. *Conway v. Smith* (1979), 66 Ohio App.2d 65, 419 N.E.2d 1117. Therefore, we concur with the trial court's finding that appellant's tolling argument did not provide a reasonable basis for filing the present action outside the statute of limitations. We also note that whether vicarious liability actually existed is irrelevant to a determination of whether appellant filed his complaint with the subjective belief that the tolling theory could afford him relief from the expiration of the statute of limitations.

{¶ 12} Appellant also contends that his filing of the complaint was not frivolous, because the statute of limitations is an affirmative defense and there was the possibility that CBC would waive it by not timely raising it. We first note that insofar as appellant's argument under his first assignment of error contends that the trial court found that the filing of causes of action outside the statute of limitations is "automatically" frivolous conduct, such contention is without merit. Nowhere in the trial court's or the magistrate's decisions did either conclude that any action filed outside the statute of limitations is "automatically" deemed frivolously filed.

{¶ 13} Nevertheless, it is true that a statute of limitations is an affirmative defense that is waived unless raised in a timely manner. *Lewis v. Trimble* (1997), 79 Ohio St.3d 231, 680 N.E.2d 1207. Thus if it is not so raised, a court with subject-matter jurisdiction can proceed with the case. *State ex rel. Jones v. Suster* (1998), 84 Ohio St.3d 70, 75, 701 N.E.2d 1002. However, although the filing of a claim beyond the statute of limitations does not always demand a finding of frivolous conduct, in the present case, appellant's arguments must fail for several reasons. Although appellant raised during the summary-judgment

phase of the proceedings that the intentional-infliction-of-emotional-distress claim was subject to a four-year statute of limitations instead of a one-year statute of limitations, as noted above, appellant never presented any theory, prior to the sanctions stage of the proceedings, as to why the other claims should not be subject to the one- and two-year statutes of limitations. In its answer to appellant's complaint, CBC raised the statute of limitations defense. Thus, at least as to the claims subject to the one- and two-year statutes of limitations, it was clear to appellant at the time of the filing of CBC's answer that CBC had not waived the statute-of-limitations defense. Under appellant's theory that a plaintiff may assert claims past their statutes of limitations in hopes that the defendant will fail to raise the affirmative defense, appellant's further pursuance of those claims after the point of CBC's filing of its answer was, as found by the trial court, a violation of Civ.R. 11 and R.C. 2323.51.

{¶ 14} The only contention appellant raised in his memorandum contra CBC's motion for summary judgment to escape the two-year statute of limitations was that, because the federal court gave CBC until June 4, 2004, to respond to appellant's May 11, 2004 voluntary dismissal, the tolling provisions in R.C. 2305.19(A) gave him one year from June 4, 2004, not May 11, 2004, to re-file the action. However, this argument lacks any good-faith basis. Pursuant to R.C. 2305.19(A), if a plaintiff's action fails otherwise than upon the merits, the plaintiff may commence a new action within one year after the date of the failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. In addition, Fed.R.Civ.P. 41 provides that a voluntary dismissal requires no further action by the court. Further, a voluntary dismissal, pursuant to Fed.R.Civ.P. 41(a)(1)(B), constitutes failure otherwise than upon the merits; see also *Frysinger v. Leech* (1987), 32 Ohio St.3d 38, 43, 512 N.E.2d 337 (a voluntary dismissal pursuant to Civ.R. 41(A)(1)(b), which substantially mirrors Fed.R.Civ.P. 41(a)(1)(B), constitutes a failure otherwise than upon the merits within the meaning of the saving statute, R.C. 2305.19). In the present case, appellant filed his voluntary dismissal on May 11, 2004; thus, there could be no dispute that the case failed otherwise than upon the merits as of this date. Accordingly, this argument does not permit appellant to escape the purview of Civ.R. 11.

{¶ 15} As for the intentional-infliction-of-emotional-distress claim, appellant argues that he presented a good-faith argument that the threats and intimidation by Callahan levied against him were subject to the four-year statute of limitations for the independent tort of intentional infliction of emotional distress, instead of the one-year statute of limitations for the underlying offense of assault and battery, as this court found in *Stafford*. To prove a claim of intentional infliction of emotional distress, the plaintiff must show that the

defendant intentionally or recklessly caused him serious emotional distress by extreme and outrageous conduct. *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 374, 6 OBR 421, 453 N.E.2d 666. Generally, the applicable statute of limitations for a claim of intentional infliction of emotional distress is four years. Id. at 375, 6 OBR 421, 453 N.E.2d 666, applying R.C. 2305.09(D). The statute of limitations for assault and battery is one year. See R.C. 2305.111. In tort, an assault is the willful threat or attempt to harm or touch another offensively, which threat or attempt reasonably places the other in fear of such contact. *Smith v. John Deere Co.* (1993), 83 Ohio App.3d 398, 406, 614 N.E.2d 1148. Battery is an intentional contact with another that is harmful or offensive. *Love v. Port Clinton* (1988), 37 Ohio St.3d 98, 99, 524 N.E.2d 166.

{¶ 16} It is well established that to determine whether the four-year statute of limitations for intentional-infliction-of-emotional-distress claims or the one-year statute of limitations for assault and battery claims applies, it is necessary to determine the actual nature or subject matter of the acts giving rise to the complaint, rather than the form in which the action is pled. *Doe v. First United Methodist Church* (1994), 68 Ohio St.3d 531, 536, 629 N.E.2d 402. It is also well settled that assault and battery cannot be transformed into some other cause of action subject to a longer statute of limitations, as such would circumvent the statute of limitations for assault and battery. *Love* at 100, 524 N.E.2d 166.

{¶ 17} Here, we cannot disagree with the trial court that appellant had no good-faith basis for continuing to pursue his claim for intentional infliction of emotional distress. Moore specifically alleged in the complaint that Callahan intentionally pointed and held a rifle to appellant's head and neck and threatened appellant's life, which caused appellant fear. These facts fall within the definitions of assault and battery, as we found in *Stafford.* We do not suggest that filing a claim for intentional infliction of emotional distress when the underlying nature of the claim meets the elements of another tort would always constitute actionable conduct. However, because appellant specifically alleged the necessary elements for assault and battery in his complaint, we find it apparent that he was aware that the underlying character of the alleged intentional-infliction-of-emotional-distress claim was actual and threatened offensive contact, thereby rendering the intentional-infliction-of-emotional-distress claim subject to the one-year statute of limitations for assault and battery.

{¶ 18} For all of the above reasons, we find that there was sufficient evidence to support the trial court's determination that appellant acted frivolously and in violation of Civ.R. 11 and R.C. 2323.51 when he filed and maintained the present causes of action when it was both subjectively and objectively clear they were all

beyond their respective statutes of limitations. Therefore, appellant's first, second, third, and fourth assignments of error are overruled.

{¶ 19} Appellant argues in his fifth assignment of error that the trial court erred when it considered CBC's motion for sanctions ripe for hearing and decision. Specifically, appellant argues that according to R.C. 2323.51(B)(1), a party must file a motion for attorney fees based upon frivolous conduct within the 30–day period after the judgment, but, here, CBC filed its motion for sanctions on October 5, 2006, which was 26 days before the judgment was filed. R.C. 2323.51(B)(1) provides:

> [A]t any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal.

{¶ 20} Appellant's reading of R.C. 2323.51(B)(1) is misguided. The provision clearly permits the filing of a motion for sanctions based upon frivolous conduct at "any time," as long as such motion is not filed more than 30 days after the judgment. Therefore, CBC filed its motion for sanctions within the time permitted by R.C. 2323.51(B)(1). We also note that appellant failed to raise this issue in the trial court. Accordingly, appellant waived the timeliness issue by failing to raise it and may not now raise it for the first time on appeal. See *Thomas v. Cincinnati,* Hamilton App. No. C–050643, 2006-Ohio-3598, 2006 WL 1934402 (because the time requirements set forth in R.C. 2323.51(B)(1) are not jurisdictional, a party waives the timeliness issue by failing to raise it in the trial court, and it may not raise it for the first time on appeal). Therefore, appellant's fifth assignment of error is overruled.

{¶ 21} Appellant argues in his sixth assignment of error that the trial court erred when it upheld the magistrate's sanctions award of $5,095. Specifically, appellant cites three grounds for his claim that the trial court's award of sanctions was improper: (1) CBC failed to present evidence attributing certain attorney fees requested to certain causes of action, (2) the attorney fees generated by CBC were excessive and unnecessary because CBC could have filed a Civ.R. 12(B)(6) motion to dismiss when it filed its answer, which would have avoided further attorney fees and mitigated damages, and (3) CBC had "unclean hands" and should not be entitled to attorney fees.

{¶ 22} We first note that appellant failed to raise any of these three arguments in either his objections to the magistrate's decision or in his supplemental memorandum in support of objections to the magistrate's decision. Pursuant to Civ.R. 53(D)(3)(b)(iv), except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion

unless the party has objected to that finding or conclusion. Nevertheless, we find no error, plain or otherwise. With regard to appellant's first argument, appellant claims that CBC should not be entitled to the full amount of its attorney fees because appellant's claim for intentional infliction of emotional distress was neither frivolous nor in violation of Civ.R. 11. However, because we have found that the trial court did not err in finding that all of appellant's causes of action, including his claim for intentional infliction of emotional distress, were frivolous, this argument is without merit.

{¶ 23} We also find appellant's second argument not well taken. Appellant claims CBC had a duty to mitigate damages by filing a Civ.R. 12(B)(6) motion at the time it filed its answer in order to avoid further attorney fees. However, appellant fails to cite any authority for his proposition, and we fail to find any requirement that a party file a Civ.R. 12(B)(6) motion to dismiss based upon the statute of limitations. In fact, generally, the expiration of the statute of limitations is not properly raised in a Civ.R. 12(B)(6) motion, as it typically requires reference to materials outside the complaint. *Steiner v. Steiner* (1993), 85 Ohio App.3d 513, 518, 620 N.E.2d 152. Only when a violation of the statute of limitations is apparent from the face of the complaint may such an affirmative defense be raised in a Civ.R. 12(B)(6) motion. *Helman v. EPL Prolong, Inc.* (2000), 139 Ohio App.3d 231, 241, 743 N.E.2d 484. For there to be a conclusive showing in that regard, the complaint must show both (1) the relevant statute of limitations and (2) the absence of factors that would toll the statute or make it inapplicable. Id. In the present case, the appropriate statute of limitations was not apparent from his complaint. Thus, because such a motion would have required reference to materials outside the complaint, a Civ.R. 12(B)(6) motion would have been improper. Therefore, appellant's argument, in this respect, must fail.

{¶ 24} In appellant's third argument, he claims that attorney fees should not have been awarded to CBC because it had "unclean hands," as CBC would have certainly been held vicariously liable for the behavior of Callahan, but for a mistake in the late filing of the complaint. This argument is without merit for several reasons. Initially, appellant cites no authority for such a position. Further, whether CBC would have eventually been found liable for the underlying action is irrelevant to the analysis of Moore's frivolous conduct. To find parties may engage in frivolous conduct so long as their underlying claims have merit would render Civ.R. 11 and R.C. 2323.51 impotent. In addition, presuming appellant would have been ultimately successful in his claims against CBC would be highly speculative and force this court to wholly ignore the various arguments CBC raised in defense. For all the above reasons, appellant's sixth assignment of error is overruled.

{¶ 25} CBC asserts in its sole assignment of error on cross-appeal that the trial court erred when it failed to award certain costs and attorney fees in addition to the costs and fees it did award. Specifically, CBC contends it should be compensated for (1) legal fees incurred in prosecuting the sanctions motion, (2) legal fees incurred in reviewing appellant's objections to the magistrate's decision and preparing its own response and objections, and (3) its expenses for retaining an expert witness attorney to testify at the sanctions hearing.

{¶ 26} With regard to the legal fees incurred in prosecuting the sanctions motion and the expenses related to the expert witness attorney, the trial court found CBC could not recover these fees because it did not present evidence in the record regarding such, and we agree with the court's conclusion. CBC did not present any evidence at the sanctions hearing of these fees, and it did not request such fees during the evidentiary phase of the hearing. The only "evidence" that was presented on this issue was in CBC's closing argument, when appellant requested such fees. It is axiomatic that closing arguments are not evidence. *State v. Frazier* (1995), 73 Ohio St.3d 323, 338, 652 N.E.2d 1000. Thus, we find that the trial court properly denied these fees as sanctions.

{¶ 27} Further, with regard to CBC's legal fees incurred in reviewing appellant's objections to the magistrate's decision and in preparing its own response and objections, we likewise concur with the trial court's determination that CBC cannot recover these fees. These fees were incurred for conduct that occurred after the magistrate's decision, and CBC failed to demonstrate that appellant's objections were frivolous under R.C. 2323.51 or Civ.R. 11. Sanctions are inappropriate when a legitimate legal goal is asserted that is not totally without justification under existing law. *Passmore v. Greene Cty. Bd. of Elections* (1991), 74 Ohio App.3d 707, 600 N.E.2d 309. Here, CBC presented insufficient evidence that the objections, in and of themselves, were filed without any legal justification or in pursuance of an illegitimate legal goal. There was no evidence that appellant's objections were filed to harass CBC or without a good-faith basis. See *Matter of Slavey* (Aug. 21, 1998), Crawford App. No. 3–98–09, 1998 WL 546580 (no evidence that objections were filed for the purpose of harassing other party or that the objections could not be supported by a good-faith argument). Appellant also cited various legal authorities to support his objections. See id. (appellant's counsel provided citations to prior cases as well as statutes in support of his argument, and whether these citations were applicable to the facts before the court was the issue before the trial court). Therefore, we find that the trial court did not abuse its discretion when it failed to award these fees to CBC as sanctions. For the above reasons, CBC's sole cross-assignment of error is overruled.

{¶ 28} Accordingly, appellant's first, second, third, fourth, fifth, and sixth assignments of error are overruled, CBC's cross-assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

Judgment affirmed.

BROWN, BRYANT, and PETREE, JJ., concur.