[Cite as *Herriott v. Trade Wind Express, Inc.*, 2013-Ohio-5692.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RICHARD B. HERRIOTT | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13CA32 |
| | : | |
| TRADE WIND EXPRESS, INC., ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING: Appeal from the Richland County Court
of Common Pleas, Case No.
2008CV1061


JUDGMENT: REVERSED AND REMANDED


DATE OF JUDGMENT ENTRY: December 18, 2013


APPEARANCES:

For Plaintiff-Appellant:

PAUL M. KAUFMAN
801 Terminal Tower
50 Public Square
Cleveland, OH 44113-2203

For Defendant-Appellee:

GREGORY H. COLLINS
One Cascade Plaza, Suite 800
Akron, OH 44308

KAREN SOEHNLEN MCQUEEN
4775 Munson St. NW
P.O. Box 36963
Canton, OH 44735-6963

*Delaney, J.*

{¶1}  Plaintiff-Appellant Richard B. Herriott appeals the March 13, 2013 judgment entry of the Richland County Court of Common Pleas granting summary judgment in favor of Defendant-Appellee Thomas J. Rowlands.

## FACTS AND PROCEDURAL HISTORY

{¶2}  R.S. Hanline & Company, Inc. is a privately owned produce distribution company.  R.S. Hanline is the parent company of Trade Wind Express, Inc., a trucking company that transports products for R.S. Hanline and other companies.  Defendant-Appellee Thomas J. Rowlands, the president of R.S. Hanline, hired Plaintiff-Appellant Richard Herriott in August 2005 as a truck dispatcher and broker for Trade Wind Express.

{¶3}  Rowlands had concerns about Herriott's job performance.  One issue was the rejection of multiple truck deliveries by R.S. Hanline's customer, Wal-Mart.  On June 15, 2007, Rowlands called Herriott and Bob Haarhues, the Hanline account manager for Wal-Mart, into his office to discuss the Wal-Mart issue.  What follows is a summary of the Civ.R. 56 evidence by deposition and affidavit of the three witnesses to the meeting and the events that occurred after the meeting.

### The Meeting

{¶4}  During the meeting with Herriott and Haarhues, Rowlands became angry. (Rowlands Depo., 57).  He slammed his hands down on his desk and raised the level of his voice.  (Rowlands Depo., 57).  Rowlands attempted to make a phone call, but was unable to dial the phone.  He slammed the receiver onto the phone and pushed the phone off his desk.  (Rowlands Depo., 58).  Herriott recalled that Rowlands threw the

phone and yanked the cord out of the phone. (Herriott Depo., 287). After Rowlands pushed the phone off the desk, he yelled at Herriott to get out his office. (Rowlands Depo., 59; Herriott Depo., 288). As Herriott was leaving Rowlands's office, Rowlands kicked his own chair over. (Rowlands Depo., 59; Herriott Depo., 288). Herriott saw Rowlands come around the desk towards him in a threatening manner. (Herriott Depo., 288). When Rowlands came around the desk, Herriott saw Rowlands pick up another chair and throw it. (Herriott Depo., 289).

{¶5} At that same time, Dennis Summerford, an employee of R.S. Hanline, was in the sales office outside Rowlands's office. He heard voices arguing in Rowlands's office. (Summerford Affidavit). He saw Herriott leave Rowlands's office and walk out of the office building. He next saw Rowlands follow Herriott out the door. Summerford decided to follow Herriott and Rowlands. (Summerford Affidavit).

The Parking Lot

{¶6} Herriott left the office building and walked to the parking lot. (Herriott Depo., 291). His intention was to get to his car and drive to the Trade Wind Express offices, located down the road. (Herriott Depo., 291; Herriott Affidavit). Rowlands followed Herriot out of the office. (Rowlands Depo., 59). As Herriott left the office building, he heard Rowlands yelling at him to come back. (Herriott Depo., 292). Rowlands did not recall yelling at Herriott to return, but did accuse Herriott of being disloyal. (Rowlands Depo., 59). Herriott also heard Summerford yelling at him to run to his car and get away. (Herriott Depo., 292). Summerford denied telling Herriott to run. (Summerford Affidavit). Summerford recalled the parking lot was noisy. (Summerford Affidavit).

{¶7}  Herriott saw Rowlands standing at the bottom of the steps leading from the office building.  Herriott walked towards Rowlands, but stopped approximately five to eight feet away from where Rowlands was standing.   (Herriott Depo., 295, 297).  Summerford saw Rowlands and Herriott standing and facing each other.  Summerford saw Rowlands and Herriott standing inches apart from each other.   (Summerford Affidavit).

{¶8}  From where Herriott was standing, Rowlands appeared to be extremely agitated and aggressive.  (Herriott Depo., 294).  Rowlands was four to five feet away from Herriott.  (Herriott Depo., 297).  Rowlands was not asked during his deposition how far apart he was from Herriott.  Herriott heard Rowlands say "I'm going to knock your fucking head off" and then Rowlands tried to take a swing at Herriott with his right hand. (Herriott Depo., 296-297).  Rowlands stated he threw a punch in the air.  (Rowlands Depo., 61).  Summerford did not see either one of them making any moves to hit or to physically touch the other person.  (Summerford Affidavit).

{¶9}  Herriott saw Summerford move Rowlands away from Herriott and push Rowlands onto a car.  (Herriott Depo., 298-300).  Summerford stated he gently put his hand on Rowlands's shoulder and told him to leave the area.  (Summerford Affidavit). At the same time, he told Herriott he should get out of there.  (Summerford Affidavit). Herriott briskly walked away and drove away in his car.  (Herriott Depo., 301).

{¶10} Rowlands called Herriott on June 16, 2007 and apologized to Herriott.  On June 16, 2007, R.S. Hanline terminated Herriott's employment.

<u>The Lawsuit</u>

{¶11} On May 20, 2008, Herriott filed a lawsuit in the Richland County Court of Common Pleas naming R.S. Hanline, Trade Wind Express, and Rowlands as defendants. Against R.S. Hanline and Trade Wind Express, Herriott alleged wrongful termination and age discrimination. Herriott alleged civil assault and battery against Rowlands.

{¶12} The employment claims were disposed of in favor of R.S. Hanline and Trade Wind Express through binding arbitration.

{¶13} Rowlands filed a motion for summary judgment on Herriott's claims for assault and battery. Herriott responded to the motion for summary judgment. On March 13, 2013, the trial court granted Rowlands's motion for summary judgment. The trial court determined Herriott's claim for battery was barred by the one-year statute of limitations. The trial court further found reasonable minds could only conclude that Rowlands's actions on June 15, 2007 did not constitute an assault.

{¶14} It is from this decision Herriott now appeals.

**ASSIGNMENT OF ERROR**

{¶15} Herriott raises one Assignment of Error:

{¶16} "THE TRIAL COURT ERRED IN GRANTING DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT: A. SUFFICIENT DISPUTED FACTS EXIST WHICH MANDATES A JURY DETERMINATION AND B. THE FACTS, AS SET FORTH BY THE PLAINTIFF, WERE SUFFICIENT TO CREATE A JURY ISSUE AS TO THE CLAIM OF ASSAULT."

**ANALYSIS**

{¶17} Herriott argues in his sole Assignment of Error the trial court erred when it granted summary judgment in favor of Rowlands on Herriott's claim for civil assault. Herriott does not dispute the trial court's decision as to his claim for civil battery.

<u>Standard of Review</u>

{¶18} We refer to Civ.R. 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

> Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶19} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot

rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶20} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

<u>Civil Assault</u>

{¶21} Herriott argues there is a genuine issue of material fact whether Rowlands committed the tort of assault. The tort of assault consists of "the willful threat or attempt to harm or touch another offensively, which threat or attempt reasonably places the other in fear of such contact. The threat or attempt must be coupled with a definitive act by one who has the apparent ability to do the harm or to commit the offensive touching." *McNichols v. Rennicker*, 5th Dist. Tuscarawas No. 2002 AP 04 0026, 2002-Ohio-7215, ¶ 13 citing *Smith v. John Deere Co.*, 83 Ohio App.3d 398, 406, 614 N.E.2d 1148 (10th Dist.1993). Stated another way, "[a] plaintiff establishes the tort of assault by showing that the defendant willfully threatened or attempted to harm or offensively touch the plaintiff and that the threat or attempt reasonably placed the plaintiff in fear of such contact." *Ford Motor Credit Co. v. Ryan*, 189 Ohio App.3d 560, 2010-Ohio-4601, 939 N.E.2d 891, ¶ 45 (10th Dist.) quoting *Stafford v. Columbus Bonding Ctr.,* 177 Ohio App.3d 799, 2008-Ohio-3948, 896 N.E.2d 191, ¶ 15.

{¶22} Rowlands argued, and the trial court agreed, Rowlands's actions during the meeting did not constitute assault. The trial court found abusive language or

threatening words without a definitive act to cause or attempt to cause harm that places the plaintiff in fear of contact cannot constitute assault. *Smith*, *supra*. We agree that Rowlands's actions during the meeting do not meet the elements of civil assault. The meeting, however, is not the end of this story. The meeting is what led to the confrontation in the parking lot and that is where we find genuine issues of material fact exist.

{¶23} Three individuals witnessed the confrontation in the parking lot -- Rowlands, Herriott, and Summerford. Their recollections of the events on June 15, 2007 were presented to the court as depositions or affidavits pursuant to Civ.R. 56. All three witnesses agree Rowlands followed Herriott out of the office building after a contentious meeting. Summerford felt the need to follow the men out of the building. In the parking lot, Summerford saw the men standing inches apart, but could not hear what they were saying. Herriott remembered that he and Rowlands were standing at least four feet apart. Rowlands was not asked during his deposition how far apart he and Herriott stood. Herriott recalled Rowlands was extremely agitated and aggressive. Herriott heard Rowlands say "I'm going to knock your fucking head off" and then Rowlands tried to take a swing a Herriott with his right hand. Rowlands testified he threw a punch in the air. Summerford did not see either one of them making any moves to hit or to physically touch the other person. Summerford intervened and moved Rowlands away from Herriott. Herriott testified by affidavit that while no physical contact occurred, he was placed in fear and anticipation of suffering physical harm by Rowlands's actions. Rowlands called Herriott the next day and apologized for his actions.

{¶24} The three witnesses to the events on June 15, 2007 give varying accounts of Rowlands's actions towards Herriott. When ruling on a motion for summary judgment, the court is required to review the facts in a light most favorable to the non-moving party. Based on the three different witness accounts of the confrontation in the parking lot, we find the trial court erred in granting summary judgment on Herriott's assault claim. Rowlands argues his actions in the meeting could not be construed as assault. We find, however, reasonable minds could disagree whether Rowlands's actions during the meeting and the confrontation in the parking lot directly thereafter could create a reasonable fear in Herriott that Rowlands would strike him. There is a genuine issue of material fact whether Herriott established the tort of assault by showing Rowlands willfully threatened or attempted to harm or offensively touch Herriott and that the threat or attempt reasonably placed Herriott in fear of such contact.

{¶25} Herriott's sole Assignment of Error is sustained.

**CONCLUSION**

{¶26} The judgment of the Richland County Court of Common Pleas is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion and law.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN