[Cite as *In re Estate of Garza*, 2016-Ohio-5531.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re | : | |
| Estate of Gilberto Garza, Jr., | | |
| | : | |
| [Appellees, | | No. 15AP-1031 |
| | : | (Prob. No. 525604) |
| John L. Onesto, | | |
| | : | (REGULAR CALENDAR) |
| Appellant]. | | |
| | : | |

D E C I S I O N

Rendered on August 25, 2016

**On brief:** *Baxter & Borowicz Co., L.P.A.*, and *Louis M. Borowicz*, for appellees Gilberto Garza, Sr., Jennifer Garza, Henry Garza and Robert Garza. **Argued:** *Louis M. Borowicz.*

**On brief:** *John L. Onesto*, pro se. **Argued:** *John L. Onesto.*

APPEAL from the Franklin County Court of Common Pleas,
Probate Division

DORRIAN, P.J.

{¶ 1} Appellant, John L. Onesto, appeals from a judgment of the Franklin County Court of Common Pleas, Probate Division, granting a motion for sanctions filed by appellees Gilberto Garza, Sr., Jennifer Garza, Henry Garza, and Robert Garza (collectively, "the Garzas") and denying a motion for sanctions filed by Onesto requesting sanctions against the Garzas' attorney, Louis M. Borowicz. For the reasons that follow, we reverse in part and affirm in part the judgment of the probate court.

## I. Facts and Procedural History

{¶ 2} The underlying dispute in this case involves the estate of Gilberto Garza, Jr. ("decedent"), and a financial settlement related to his death in an industrial accident. *In*

*re Estate of Garza*, 10th Dist. No. 12AP-1000, 2013-Ohio-2750. Decedent had a will devising real property in Texas to his aunt, Demencia Vargas-Ortega ("Demencia"), and his nephew, Joshua Mark Vargas ("Joshua") (collectively, "co-executors"). *Garza* at ¶ 2. Decedent's will did not contain a residuary clause and did not make provisions for any other property. *Id.* The will was admitted to probate, and Demencia and Joshua were appointed to serve as co-executors of the estate. *Id.* at ¶ 3. Onesto has served as the co-executors' attorney throughout the estate proceedings.

{¶ 3} The estate filed wrongful death and survival claims against decedent's employer. After a settlement was reached on those claims, the co-executors filed an application to approve the settlement and allocate 100 percent of the settlement proceeds to themselves as beneficiaries of the survival claim and none of the settlement proceeds to the wrongful death claim. *Id.* at ¶ 4. The Garzas challenged the application, arguing that 100 percent of the settlement proceeds should be allocated to the wrongful death claim, which would be available to the Garzas as decedent's next of kin. *Id.* Ultimately, the probate court allocated 80 percent of the settlement proceeds to the wrongful death claim and 20 percent to the survival claim. *Id.* at ¶ 8-9. The co-executors appealed the probate court's decision to this court. On June 27, 2013, this court issued a decision dismissing the appeal for lack of standing, concluding that, in their capacity as co-executors of the estate, Demencia and Joshua were not aggrieved by the probate court's judgment. *Id.* at ¶ 18. The co-executors pursued a jurisdictional appeal of that decision to the Supreme Court of Ohio. On December 4, 2013, the Supreme Court declined to accept jurisdiction over the appeal. *In re Estate of Garza*, 137 Ohio St.3d 1422, 2013-Ohio-5285.

{¶ 4} After the Supreme Court declined jurisdiction, on February 14, 2014, the Garzas filed a motion for sanctions under Civ.R. 11 in the probate court requesting that the co-executors, or their counsel, Onesto, be ordered to pay any and all costs, attorney fees, and expenses incurred in litigating the appeal of the probate court's decision allocating the settlement proceeds. The co-executors filed a memorandum in opposition to the Garzas' motion for sanctions and a motion for sanctions against Borowicz. The Garzas then filed a memorandum in opposition to the co-executors' motion for sanctions against Borowicz. A hearing on the motions for sanctions was conducted on March 12, 2014 before a magistrate of the probate court. On April 3, 2014, the magistrate issued a

decision granting sanctions against Onesto and concluding that the amount of attorney fees incurred by the Garzas was not sufficiently addressed to allow a determination of a reasonable sanctions amount. Onesto submitted objections to the magistrate's decision, but the probate court overruled those objections and adopted the magistrate's April 3, 2014 decision as its own.

{¶ 5} Following a hearing on the amount of reasonable sanctions, the magistrate issued a decision on June 16, 2015 awarding sanctions against Onesto in the amount of $8,970. The magistrate found this was the amount of attorney fees paid by the Garzas that was directly related to the appeal of this court's decision in *Garza*, 2013-Ohio-2750. Onesto again submitted objections to the magistrate's decision, but the probate court overruled those objections and adopted the magistrate's June 16, 2015 decision as its own.

## II. Assignments of Error

{¶ 6} Onesto appeals and assigns the following three assignments of error for our review:

> I. The Probate Court erred when it granted Next-of-Kin's Motion for Sanctions.
>
> II. The Probate Court erred when it failed to grant Mr. Onesto's Motion for Sanctions.
>
> III. The Probate Court erred in awarding monetary sanctions against Onesto in the amount of $8,970.00

## III. Discussion

{¶ 7} We begin with Onesto's first assignment of error, in which he asserts the probate court erred by granting the Garzas' motion for sanctions. Onesto argues that the appeal of the settlement allocation was supported by a good-faith argument for extension of existing law and was not a willful violation of Civ.R. 11. Onesto further argues that Civ.R. 11 does not apply to frivolous appeals and that the appeal of the probate court's decision was not frivolous. Onesto also claims the motion for sanctions was time barred.

{¶ 8} The probate court overruled Onesto's objections to the magistrate's decisions and adopted the magistrate's decisions as its own. We review a trial court's adoption of a magistrate's decision under the abuse of discretion standard. *McNeilan v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 10AP-472, 2011-Ohio-678, ¶ 19. Likewise, a

decision awarding sanctions under Civ.R. 11 is subject to review for abuse of discretion. *Stafford v. Columbus Bonding Ctr.*, 177 Ohio App.3d 799, 2008-Ohio-3948, ¶ 7 (10th Dist.). An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 9} The Garzas requested sanctions against the co-executors or Onesto for all costs the probate court deemed appropriate, including attorney fees and expenses incurred in litigating the appeal of the settlement allocation. Although the Garzas' motion for sanctions referred to Rule 11 of the Ohio Rules of Civil Procedure, it quoted language from Rule 11 of the Federal Rules of Civil Procedure. The motion asserted that the co-executors had engaged in a "series of frivolous and inappropriate appeals [that] has forced counsel for the Next of Kin to waste time, legal fees and expenses repeatedly briefing well-settled law and reiterating legal truths that have no basis for opposition." (Feb. 14, 2014 Motion for Sanctions at 4-5.) Attached to the motion was an invoice from Borowicz, itemizing $31,317.50 in fees charged for services rendered between March 19, 2012 and September 19, 2013. The Garzas reiterated their argument in favor of sanctions in a subsequent memorandum in opposition to the co-executors' motion for sanctions, asserting that "the Garza's [sic] current Motion for Sanctions is based upon * * * the conduct of the Co-Executors which conflicted with their fiduciary duty, or their attorney, Mr. Onesto, in needlessly pursuing an appeal against the interests of the Garza Estate beneficiaries all the way up to the Ohio Supreme Court." (Mar. 11, 2014 Memo. Contra at 1.)

{¶ 10} In the April 3, 2014 decision, the magistrate noted that Fed.R.Civ.P. 11 did not apply to the case and construed the Garzas' motion as a motion for sanctions under Rule 11 of the Ohio Rules of Civil Procedure. The magistrate further noted that, although the motion for sanctions did not refer to R.C. 2323.51, the statute is often used simultaneously with Civ.R. 11 when seeking sanctions. Because the Garzas' motion sought sanctions against the co-executors or Onesto, the magistrate presumed the motion was based on both Civ.R. 11 and R.C. 2323.51.

{¶ 11} The magistrate concluded that to the extent the motion sought sanctions pursuant to R.C. 2323.51 it was untimely because the motion had not been filed within 30 days of the Supreme Court's decision declining to exercise jurisdiction over the appeal.

The magistrate further concluded that because Civ.R. 11 only applies to attorneys or pro se parties, it could not form the basis for sanctions against the co-executors.

{¶ 12} The magistrate then turned to the question of whether Onesto was subject to sanctions. Ultimately, the magistrate concluded that Onesto should have known that the co-executors lacked standing to appeal the settlement allocation because they were not beneficiaries of the probate estate. The magistrate concluded that the co-executors argument on appeal was frivolous and violated Civ.R. 11. The magistrate found that Onesto was subject to sanctions because he filed appellate documents that lacked adequate support in law or in facts and willfully violated his legal responsibilities. In the June 16, 2015 decision, the magistrate held that it was reasonable to assess sanctions against Onesto in the amount of $8,970 for the Garzas' attorney fees related to the appeal to the Supreme Court. The probate court overruled Onesto's objections to the magistrate's decisions and adopted both the April 3, 2014 magistrate's decision awarding sanctions and the June 16, 2015 magistrate's decision fixing the amount of sanctions.

{¶ 13} Civ.R. 11 provides that every pleading, motion, or other document of a party represented by an attorney must be signed by at least one attorney of record. By signing, the attorney certifies that he has read the document, that to the best of the attorney's knowledge, information, and belief, there is good ground to support it, and that it is not interposed for delay. An attorney may be sanctioned for a willful violation of the rule. Civ.R. 11. In this case, the magistrate concluded that Onesto was subject to sanctions for willfully violating Civ.R. 11. However, before determining whether Onesto willfully violated Civ.R. 11, it is necessary to consider whether Civ.R. 11 may be used to impose sanctions for filing a frivolous appeal.

{¶ 14} Civ.R. 1(C)(1) specifies that "to the extent that they would by their nature be clearly inapplicable," the civil rules do not apply to procedure "upon appeal to review any judgment, order or ruling." Civ.R. 11 does not expressly address notices of appeal or appellate briefs; however, the broad language of the rule refers to "other document[s]," in addition to pleadings and motions. The Ohio Rules of Appellate Procedure and the Rules of Practice of the Supreme Court of Ohio both contain rules expressly providing for sanctions for frivolous appeals. *See* App.R. 23; S.Ct.Prac.R. 4.03(A).

{¶ 15} This court has previously held that Civ.R. 11 does not apply to conduct in the court of appeals.[1] *Martin v. Ghee*, 10th Dist. No. 01AP-1380 (Apr. 9, 2002) ("Civ.R. 11 sanctions do not apply to conduct in the court of appeals."); *McGowan v. Stoyer*, 10th Dist. No. 02AP-263, 2002-Ohio-5410, ¶ 26 ("Civ.R. 11 does not apply to conduct in the court of appeals."). *See also Bevins v. Richard*, 144 Ohio St.3d 54, 2015-Ohio-2832, ¶ 1 ("We also deny the motions for default judgment and summary judgment filed by Bevins in this court, because the Civil Rules do not ordinarily apply on appeal."). In *Martin*, a prison inmate filed a pro se appeal of a decision dismissing his 42 U.S.C. 1983 complaint. As part of his appellate filings, the inmate requested sanctions, pursuant to Civ.R. 11, alleging that the appellees' counsel engaged in delaying tactics and presented false evidence to the trial court and the court of appeals. This court denied the motion for sanctions and the inmate's motions to reconsider that denial, holding that Civ.R. 11 does not appeal to conduct in the court of appeals. Similarly, in *McGowan*, the appellant filed a motion to strike the appellee's brief under Civ.R. 11, asserting it was not properly endorsed by the appellee's attorney of record. This court denied the motion to strike, holding that Civ.R. 11 did not apply to the filing in the court of appeals. *McGowan* at ¶ 26.

{¶ 16} By contrast, in *In re Guardianship of Wernick*, 10th Dist. No. 06AP-263, 2006-Ohio-5950, this court held that the probate court erred by refusing to consider the merits of a motion for sanctions under Civ.R. 11 for an allegedly frivolous appeal. In that case, one of the parties filed a motion for sanctions, pursuant to Civ.R. 11 and R.C. 2323.51, alleging that an appeal of the probate court's judgment was frivolous. *Wernick* at ¶ 4. The probate court "transferred" the motion for sanctions to this court, arguing that the court of appeals had jurisdiction to rule on the motion pursuant to App.R. 23. *Id.* at ¶ 4. This court remanded the matter back to the probate court. The probate court then denied the motion, stating that the court of appeals had proper jurisdiction to rule on the motion. *Id.* On appeal, this court concluded that, because the appeal process required filing a notice of appeal in the probate court and the notice of appeal was required to be signed by the appealing party's attorney, there was "no reason Civ.R. 11 should not apply

---

[1] Notwithstanding this court's holdings in *Martin v. Ghee*, 10th Dist. No. 01AP-1380 (Apr. 9, 2002) and *McGowan v. Stoyer*, 10th Dist. No. 02AP-263, 2002-Ohio 5410, the civil rules may apply in this court when sitting as a trial court in an original action. *See State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs.*, 127 Ohio St.3d 202, 2010-Ohio-5703, ¶ 17 (affirming sanctions awarded by Eighth District Court of Appeals for filing a public records mandamus complaint in bad faith and in willful violation of Civ.R. 11).

to the notice of appeal" filed in the probate court. *Id.* at ¶ 16. Accordingly, the court held that the probate court erred by refusing to consider the merits of the Civ.R. 11 motion for sanctions. *Id.*

{¶ 17} In the present case, the Garzas' motion sought sanctions based on the co-executors' appeals to this court and to the Supreme Court. The probate court found that Onesto willfully violated his legal responsibilities by disregarding the estate and wrongful death beneficiaries' interests and filing appellate documents that lacked adequate support in law or facts. While the language of the probate court's decision suggests that it may have considered both the appeal to this court and the appeal to the Supreme Court to be frivolous, the probate court only ordered sanctions of $8,970, which was the amount of attorney fees directly related to the appeal of this court's decision in *Garza* to the Supreme Court. Thus, the probate court effectively awarded sanctions against Onesto for only the appeal of this court's decision to the Supreme Court.

{¶ 18} As explained above, the decision in *Wernick* held that the probate court erred by refusing to consider the motion for sanctions because it related to a notice of appeal filed in the probate court. By contrast, a jurisdictional appeal to the Supreme Court, such as the one filed by the co-executors in this proceeding, is initiated by filing a notice of appeal in the Supreme Court. S.Ct.Prac.R. 7.01(A)(1)(a). Unlike an appeal to this court, a jurisdictional appeal to the Supreme Court does not require filing a notice of appeal in the trial court. This procedural detail is an important distinction between the present case and the facts in *Wernick*. Additionally, as noted above, the Supreme Court has its own rule related to frivolous appeals, providing that an appeal "shall be considered frivolous if it is not reasonably well-grounded in fact or warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." S.Ct.Prac.R. 4.03(A). Under the rule, a party may move for sanctions for a frivolous appeal or the court may make such a determination on its own initiative.

{¶ 19} We conclude that the appropriate method for a party to request sanctions for a frivolous appeal to the Supreme Court is by motion under S.Ct.Prac.R. 4.03(A), not through a Civ.R. 11 motion to the trial court. While our decision in *Wernick* suggests that the co-executors' notice of appeal to *this* court might have been sanctionable under Civ.R. 11, the probate court only awarded sanctions for the appeal to the Supreme Court.

Because there is a procedure for a party to request that the Supreme Court determine whether an appeal is frivolous and assess sanctions for filing that appeal, the probate court abused its discretion in this case by awarding sanctions under Civ.R. 11 for the co-executors' appeal of this court's decision in *Garza* to the Supreme Court.

{¶ 20} Accordingly, we sustain Onesto's first assignment of error.

{¶ 21} In his third assignment of error, Onesto argues that the trial court erred by granting $8,970 in sanctions against him. Onesto asserts that the Garzas' motion for sanctions failed to demonstrate the reasonableness of Borowicz's fee rate and the number of hours their attorney worked. Having concluded that the probate court erred by awarding sanctions against Onesto, the third assignment of error is rendered moot.

{¶ 22} Finally, we turn to Onesto's second assignment of error, in which he asserts that the probate court erred by denying the co-executors' motion for sanctions against Borowicz. Onesto asserts that Borowicz was subject to sanctions under Civ.R. 11 and R.C. 2323.51 for filing the motion for sanctions against Onesto.

{¶ 23} The magistrate did not expressly address the co-executors' motion for sanctions in the April 3, 2014 decision. However, the probate court dismissed the co-executors' motion for sanctions in its November 14, 2014 decision overruling objections and adopting the magistrate's decision. The probate court held that the Garzas' motion for sanctions was filed in good faith with adequate supporting grounds.

{¶ 24} Under R.C. 2323.51(B)(1), "any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal." Frivolous conduct is defined in part as conduct that "is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law." R.C. 2323.51(A)(2)(a)(ii). "In determining whether the claim itself is frivolous [under R.C. 2323.51], the test is whether no reasonable lawyer would have brought the action in light of the existing law." *Stafford* at ¶ 6. Under Civ.R. 11, an attorney's signature on a document certifies "that to the best of the attorney's or party's knowledge, information, and belief, there is good ground to support it." "Thus, the relevant inquiry under Civ.R. 11 is whether the attorney's actual intent or belief was of willful negligence." *Id.* at ¶ 8.

{¶ 25} Although we conclude that the probate court abused its discretion by awarding sanctions against Onesto for the appeal of this court's decision in *Garza* to the Supreme Court, the Garzas' motion for sanctions addressed both the Supreme Court appeal and the appeal to this court. Under these circumstances, the probate court did not abuse its discretion by concluding that the Garzas' motion was filed in good faith with adequate support and therefore denying the co-executors' motion for sanctions.

{¶ 26} Accordingly, we overrule Onesto's second assignment of error.

## IV. Conclusion

{¶ 27} Having sustained Onesto's first assignment of error, overruled his second assignment of error, and rendered moot his third assignment of error, we affirm in part, reverse in part the portion of the judgment awarding sanctions against Onesto, and remand to the Franklin County Court of Common Pleas, Probate Division, for further proceedings consistent with law and this decision.

*Judgment affirmed in part,*
*reversed in part, and cause remanded.*

TYACK and HORTON, JJ., concur.

———————————