DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Regina Henson (now known as Regina Toffolo), appeals the decision of the Summit County Court of Common Pleas granting summary judgment to Appellee, Kenneth Henson. We affirm the decision of the trial court.
 {¶ 2} On December 27, 2004, Appellant filed a complaint alleging defamation and invasion of privacy. In her complaint, Appellant alleges that Appellee "told their friends, family, neighbors and associates orally and in writing that [Appellant] has conducted one or more extra-marital affairs and that she is seriously and permanently mentally ill." Appellant alleges that the above statement constitutes defamation and invasion of privacy.
 {¶ 3} Appellee filed a motion for summary judgment asserting truth as a defense. The trial court granted Appellee's motion. Appellant now appeals, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred by abuse of discretion in determining there were no genuine issues of material fact before the trial court, and that therefore, Appellee was entitled to summary judgment as a matter of law pursuant to [Civ.R.] 56."
 {¶ 4} In her only assignment of error, Appellant maintains that the trial court abused its discretion in granting Appellee's motion for summary judgment. We disagree with Appellant and affirm the decision of the trial court.
 {¶ 5} Appellate courts consider an appeal from summary judgment under a de novo standard of review. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment is proper under Civ.R. 56 when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the non-moving party. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 6} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Civ.R. 56(E) provides that after the moving party has satisfied its burden of supporting its motion for summary judgment, the non-moving party may overcome summary judgment by demonstrating that a genuine issue exists to be litigated for trial. State ex rel. Zimmermanv. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 7} In this case, we find that Appellant has not met the Dresher
standard in showing that there are genuine factual issues remaining to be litigated in either her complaint for defamation or for her allegation of invasion of privacy.
 {¶ 8} The elements of a defamation action are:
"(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." Akron-Canton Waste Oil, Inc. v.Safety-Kleen Oil Serv., Inc. (1992), 81 Ohio App.3d 591, 601, quoting 3 Restatement of the Law 2d, Torts (1977), 155, Section 558.
 {¶ 9} In her complaint, Appellant claims that Appellee told others that Appellant "conducted one or more extra-marital affairs, and that she is seriously and permanently mentally ill." In his motion for summary judgment, Appellee produced evidence in the form of letters and emails originating from Appellant admitting that she had an affair and that she had a mental illness. Appellant did not thereafter meet her reciprocal burden of production in showing that Appellee made the alleged defamatory statements, or when and/or how he made them. Appellant introduced no evidence contradicting Appellee's statements, nor did she argue that the evidence he had introduced was false.
 {¶ 10} Appellant admitted to the lower court that she had a mental illness ("a bipolar disorder"). In her motion in opposition to summary judgment, Appellant wrote that Appellee's "Exhibit A, appears to be a handwritten letter from [Appellant] to [Appellee] dated June 20, 2004. [Appellee] highlighted the phrase, "Ken, I am very sorry I had an affair[.]" Appellee further wrote in her motion in opposition to summary judgment that Appellee's "Exhibit C, appears to be another email, this one dated from July 6, 2004, from [Appellant] to [Appellee]. In the exhibit, [Appellee] highlighted the phrase `. . . since before I had my affair.'" Appellant outlines other exhibits that Appellee had introduced and points out the places in which she admitted that she had an affair. Appellant does not argue that the exhibits were false, nor does she contest that she was the author. In fact, during oral argument in front of this Court, Appellant admitted that she had an affair and that she had a mental illness. In Ed Schory Sons, Inc. v. Soc. Natl. Bank (1996),75 Ohio St.3d 433, 445, the Ohio Supreme Court stated:
"[T]ruth is a complete defense to a claim for defamation. R.C. 2739.02
states: `In an action for a libel or a slander, the defendant may allege and prove the truth of the matter charged as defamatory. Proof of thetruth thereof shall be considered a complete defense.
 {¶ 11} Under Dresher, summary judgment must be granted if the moving party demonstrates that there are no genuine issues of material fact, and that the moving party is entitled to judgment as a matter of law.Dresher, 75 Ohio St.3d, at 293. As truth is a complete defense to a defamation claim, and Appellant herself admitted the truth of the alleged defamatory statements, we find that the trial court did not err in granting Appellee's motion for summary judgment on the issue of defamation.
 {¶ 12} We next will consider whether the trial court properly granted summary judgment in favor of Appellee on Appellant's claim for invasion of privacy. The Ohio Supreme Court acknowledged claims for invasion of privacy:
"involving `the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities.'"Lamar v. A.J. Rose Mfg. Co. (Oct. 11, 2000), 9th Dist. No. 99CA007326, at 11, quoting Housh v. Perth (1956), 165 Ohio St. 35, at paragraph two of the syllabus.
 {¶ 13} The tort of invasion of privacy includes four separate torts: (1) intrusion upon the plaintiff's seclusion or solitude, or into his private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity which places the plaintiff in a false light in the public eye; and (4) appropriation, for the defendant's advantage, of the plaintiff's name or likeness. Piro v. Franklin Twp. (1995),102 Ohio App.3d 130, 144, citing Killilea v. Sears, Roebuck Co.
(1985), 27 Ohio App.3d 163, 166.
 {¶ 14} Regarding the claim of invasion of privacy with respect to Appellant's mental health, we do not find that Appellant has met her burden of proving that a genuine issue of material fact exists. In her complaint to the lower court, Appellant makes a blanket allegation that "by the acts set out above (that Appellee told friends, family members, and others that she had an affair and a mental disorder) [Appellee] had invaded [Appellant's] privacy."
 {¶ 15} Appellant, neither in her complaint, nor in her opposition to summary judgment, sets forth any legal argument supporting her claim of invasion of privacy with regard to Appellee's alleged communications concerning the state of her mental health. In fact, Appellant, in her brief to this Court, acknowledges that "this is more an issue of defamation than an invasion of privacy. To publish a statement that is a complete misrepresentation of facts is not an invasion of privacy[.]"
 {¶ 16} As Appellant herself has not made any type of legal argument supporting her claim in front of the lower court, and she has acknowledged that there is no cause of action on these grounds, we find that the lower court did not err in granting Appellee's motion for summary judgment on Appellant's claim of invasion of privacy with respect to her mental health.
 {¶ 17} With respect to her claim for invasion of privacy regarding the comments about the affair, Appellant claims that Appellee publicized her private affairs; the second of the four invasion of privacy torts. In order for Appellant to state a claim under the second type of invasion of privacy, public disclosure of private facts, there must be publicity. "Publicity" requires a communication "to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge[.]" Killilea, 27 Ohio App.3d at 166. There is neither any evidence, nor even an allegation that Appellee publicized Appellant's affair to the public at large. In fact, as the trial court pointed out, all of the evidence regarding publicity of the affair originated from Appellant. "[Appellant's] own affidavits do not set forth that [Appellee] published the information, to whom it was published, or in what matter."
 {¶ 18} In light of the above, we find that the trial court did not err in granting summary judgment on behalf of Appellee with regard to Appellant's claim that Appellee invaded her privacy by publishing information regarding her affair.
 {¶ 19} We overrule Appellant's assignment of error and affirm the decision of the Summit County Court of Common Pleas granting Appellee's motion for summary judgment.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., Carr, J. concur.