OPINION
{¶ 1} This appeal, and that of related Case No. 05-CAE-12-0084, concern the rulings of the Common Pleas Court of Delaware County that the filing of an action by Appellant Peterman who was represented until withdrawal by Appellant-Attorney Philip L. Proctor constituted frivolous conduct entitling Appellees Dean Stewart and the Estate of Josephine Shively to attorney fees of $30,215.90 from Appellant Proctor and $1,780.00 from Appellant Peterman.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The Complaint in this cause essentially asserted invasion of privacy by the filing of documents in Probate Court and the publishing of same, which matters related to personal information of Appellant Peterman unrelated to the Estate of Josephine Shively, her aunt. Appellee Stewart served as Executor of such Estate.
 {¶ 3} Intentional infliction of emotional distress was also included in the Complaint.
 {¶ 4} While injunctive relief was referenced in Count Five of the Complaint, the prayer was for monetary damages only.
 {¶ 5} The three Assignments of Error of Appellant Philip L. Proctor are:
 ASSIGNMENTS OF ERROR OF APPELLANT PHILIP L. PROCTOR {¶ 6} "I. IN THE JUDGMENT ENTRY FILED ON NOVEMBER 22, 2005, THE TRIAL COURT FAILED TO ANALYZE THE ATTORNEY AND CLIENT SEPARATELY AND THEREFORE FAILED TO RECOGNIZE PROCEDURAL AND LEGAL ISSUES THAT WOULD APPLY TO THE ATTORNEY WHICH INCLUDED THE FACT THAT APPELLEES WERE OUT OF RULE, APPELLEES DID NOT PROVIDE PROPER NOTICE, AND THAT THE ATTORNEY DID NOT ACT WILFULLY [SIC] CONTRARY TO THE STATUTE OR CIVIL RULE.
 {¶ 7} "A. APPELLEE-ESTATE FILED OUT OF RULE AS TO ATTORNEY PROCTOR.
 {¶ 8} "B. BOTH APPELLEES WERE OUT OF RULE AS TO ATTORNEY PROCTOR BECAUSE HE WITHDREW UNOPPOSED FROM THE CASE.
 {¶ 9} "C. ATTORNEY PROCTOR WAS NOT SERVED WITH THE MOTION.
 {¶ 10} "D. NO NOTICE WAS PROVIDED AS TO ATTORNEY PROCTOR.
 {¶ 11} "E. AN ATTORNEY CANNOT BE LIABLE UNLESS THERE WAS MISCONDUCT THAT WAS DONE WILFULLY [SIC].
 {¶ 12} "F. AN ATTORNEY CANNOT BE LIABLE FOR ADVOCATING THE POSITION OF HIS OWN CLIENT.
 {¶ 13} "II. REGARDING THE JUDGMENT ENTRY FILED ON NOVEMBER 22, 2005, THE ATTORNEY CANNOT BE LIABLE WHERE THE CLIENT WAS GRANTED THE VERY RELIEF SHE SOUGHT.
 {¶ 14} "III. IN THE JUDGMENT ENTRY FILED ON NOVEMBER 22, 2005, THE TRIAL COURT ERRED WHEN IT FOUND THAT MATTERS SET FORTH IN THE COMPLAINT WERE NOT WARRANTED BY LAW.
 II. {¶ 15} We shall first address the Second Assignment of Error of Appellant Proctor.
 {¶ 16} Appellant Proctor asserts no liability claiming that the order to return Appellant Peterman's papers was the relief Appellant Julie Peterman requested. The Complaint causes of action and relief requested are set forth on page 2 of this Opinion. Monetary damages only appeared in the prayer, not the return of papers. These Assignments of Error are therefore unfounded.
 I., III. {¶ 17} Before we address the remaining Assignments, we must consider Civ.R. 11 and R.C. § 2323.51.
 {¶ 18} Civil Rule 11 states in part:
 {¶ 19} "The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. Similar action may be taken if scandalous or indecent matter is inserted."
 {¶ 20} Clearly, the filing of a frivolous pleading is not affected by subsequent withdrawal by the attorney.
 {¶ 21} Revised Code § 2323.51 (A) and (B)(1)(2), (C) and (D) provide in part:
 {¶ 22} "Definitions; award of attorney's fees as sanction for frivolous conduct
 {¶ 23} "(A) As used in this section:
 {¶ 24} "(1) "Conduct" means any of the following:
 {¶ 25} "(a) The filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with a civil action;
 {¶ 26} "* * *"
 {¶ 27} "(B)(1) Subject to divisions (B)(2) and (3), (C), and (D) of this section and except as otherwise provided in division (E)(2)(b) of section 101.15 or division (I)(2)(b) of section121.22 of the Revised Code, at any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal. The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct, as provided in division (B)(4) of this section.
 {¶ 28} "(2) An award may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action or an appeal of the type described in that division or on the court's own initiative, but only after the court does all of the following:
 {¶ 29} "(a) Sets a date for a hearing to be conducted in accordance with division (B)(2)(c) of this section, to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;
 {¶ 30} "(b) Gives notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party who allegedly was adversely affected by frivolous conduct;
 {¶ 31} "(c) Conducts the hearing described in division (B)(2)(a) of this section in accordance with this division, allows the parties and counsel of record involved to present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct involved was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made. If any party or counsel of record who allegedly engaged in or allegedly was adversely affected by frivolous conduct is confined in a state correctional institution or in a county, multicounty, municipal, municipal-county, or multicounty-municipal jail or workhouse, the court, if practicable, may hold the hearing by telephone or, in the alternative, at the institution, jail, or workhouse in which the party or counsel is confined.
 {¶ 32} "(3) The amount of an award made pursuant to division (B)(1) of this section that represents reasonable attorney's fees shall not exceed, and may be equal to or less than, whichever of the following is applicable:
 {¶ 33} "(a) If the party is being represented on a contingent fee basis, an amount that corresponds to reasonable fees that would have been charged for legal services had the party been represented on an hourly fee basis or another basis other than a contingent fee basis;
 {¶ 34} "(b) In all situations other than that described in division (B)(3)(a) of this section, the attorney's fees that were reasonably incurred by a party.
 {¶ 35} "(4) An award made pursuant to division (B)(1) of this section may be made against a party, the party's counsel of record, or both.
 {¶ 36} "(5)(a) In connection with the hearing described in division (B)(2)(a) of this section, each party who may be awarded reasonable attorney's fees and the party's counsel of record may submit to the court or be ordered by the court to submit to it, for consideration in determining the amount of the reasonable attorney's fees, an itemized list or other evidence of the legal services rendered, the time expended in rendering the services, and whichever of the following is applicable:
 {¶ 37} "(i) If the party is being represented by that counsel on a contingent fee basis, the reasonable attorney's fees that would have been associated with those services had the party been represented by that counsel on an hourly fee basis or another basis other than a contingent fee basis;
 {¶ 38} "(ii) In all situations other than those described in division (B)(5)(a)(i) of this section, the attorney's fees associated with those services.
 {¶ 39} "(b) In connection with the hearing described in division (B)(2)(a) of this section, each party who may be awarded court costs and other reasonable expenses incurred in connection with the civil action or appeal may submit to the court or be ordered by the court to submit to it, for consideration in determining the amount of the costs and expenses, an itemized list or other evidence of the costs and expenses that were incurred in connection with that action or appeal and that were necessitated by the frivolous conduct, including, but not limited to, expert witness fees and expenses associated with discovery.
 {¶ 40} "(C) An award of reasonable attorney's fees under this section does not affect or determine the amount of or the manner of computation of attorney's fees as between an attorney and the attorney's client.
 {¶ 41} "(D) This section does not affect or limit the application of any provision of the Rules of Civil Procedure, the Rules of Appellate Procedure, or another court rule or section of the Revised Code to the extent that the provision prohibits an award of court costs, attorney's fees, or other expenses incurred in connection with a particular civil action or appeal or authorizes an award of court costs, attorney's fees, or other expenses incurred in connection with a particular civil action or appeal in a specified manner, generally, or subject to limitations."
 {¶ 42} The assertion that the respective motions of Appellees, Estate of Josephine Shively and Dean Stewart were untimely is without merit.
 {¶ 43} The case was voluntarily dismissed by Appellant Peterman on November 24, 2003. The Estate and Appellee Stewart filed motions on December 4, 2003, with an amendment by the Estate on March 11, 2004.
 {¶ 44} These motions were filed within the statutory 30-day period.
 {¶ 45} "`A frivolous claim is a claim that is not supported by facts in which the complainant has a good-faith belief, and which is not grounded in any legitimate theory of law or argument for future modification of the law.'" Burrell, supra,128 Ohio App.3d at 230, 714 N.E.2d 442, quoting Jones v. Billingham
(1995), 105 Ohio App.3d 8, 12, 663 N.E.2d 657. Whether a party has made a good faith argument under the law is a legal question subject to de novo review on appeal. Curtis v. Hard Knox Energy,Inc., 11th Dist. No. 2005-L-023, 2005-Ohio-6421, 2005 WL 3274990, at ¶ 15, citing State Farm Ins. Cos. v. Peda, 11th Dist. No. 2004-L-082, 2005-Ohio-3405, 2005 WL 1538623, at ¶ 28.Bowersmith v. United Parcel Serv., Inc., March 27, 2006, 166, Ohio App.3d 22, 2006-Ohio-1417."
 {¶ 46} Also, the voluntary dismissal of the case has no bearing on the question of an award for frivolous conduct.
 {¶ 47} "* * * sanctions are a collateral issue over which the trial court retains jurisdiction. Burrell v. Kassicieh (1998),128 Ohio App.3d 226, 229-230, 714 N.E.2d 442.
 {¶ 48} If the award for frivolous conduct was legally unsupported, this would constitute an abuse of discretion.
 {¶ 49} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 50} We now direct our attention to the asserted causes of action of invasion of privacy and intentional infliction of emotional distress and abuse of process.
 {¶ 51} In Henson v. Henson (2005), 9th Dist. App. No. 22772, 2005-Ohio-6321, the court stated:
 {¶ 52} "The tort of invasion of privacy includes four separate torts: (1) intrusion upon the plaintiff's seclusion or solitude, or into his private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity which places the plaintiff in a false light in the public eye; and (4) appropriation, for the defendant's advantage, of the plaintiff's name or likeness."
 {¶ 53} The Sixth District Court of Appeals in Villa v.Village of Elmore (2005), 6th Dist. App. No. L-05-1058,2005-Ohio-6649 held:
 {¶ 54} "Ohio courts have recognized that the following five elements must be proved to establish a claim for invasion of privacy by publication of private facts: (1) the disclosure was public in nature; (2) the facts disclosed concerned an individual's private life, not his public life; (3) the matter publicized would be highly offensive and objectionable to a reasonable person of ordinary sensibilities; (4) the publication was made intentionally, not negligently and (5) the matter publicized was not of legitimate concern to the public. Early v.The Toledo Blade (1998), 130 Ohio App.3d 302, 342,720 N.E.2d 107, citing Killilea v. Sears, Roebuck Co. (1985),27 Ohio App.3d 163, 166-167, 499 N.E.2d 1291."
 {¶ 55} The requirements of proof to establish intentional infliction of emotional distress were set forth in Cobb v.Mantua Township Board of Trustees, 11th Dist. App. No. 2003-P-0112, 2004-Ohio-5325:
 {¶ 56} "An individual can recover for intentional infliction of severe emotional distress when a defendant, `"by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress in [the plaintiff] * * *.'" Yeager v. LocalUnion 20, Teamsters, Chauffers, Warehousemen Helpers ofAmerica (1983), 6 Ohio St.3d 369, 374, 453 N.E.2d 666, quoting Restatement of the Law 2d, Torts (1969) 71, Section 46(1)."
 {¶ 57} Also, in Pritchard, M.D., v. Algis Sirvaitis Associates, 8th Dist. App. No. 86965, 2006-Ohio-3153, as to abuse of process, the court set forth the requirement of abuse of process:
 {¶ 58} "In order to establish a claim for abuse of process, appellant was required to satisfy the following elements: 1) a legal proceeding was set in motion against him in proper form and with probable cause; 2) the proceeding was perverted by the plaintiff to attempt to accomplish an ulterior purpose against the defendant for which it was not designed; and 3) direct damage resulted to appellant from the wrongful use of process. Robb,
supra, at 270, citing Yaklevich v. Kemp, Schaeffer and Rowe Co.,L.P.A. (1994), 68 Ohio St.3d 294, 298."
 {¶ 59} The arguments of Appellant Peterman's papers being stolen from the abandoned residence or received from the police is inconsequential, as the unwarranted filing of personal papers, is the issue, if such occurred.
 {¶ 60} In order to determine if the allegations of the Amended Complaint are frivolous, we must determine the alleged basis thereof. While proof of such would not be required at the hearing as to frivolous conduct, the court must be provided information claimed to support such causes of action.
 {¶ 61} When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197. Because Appellant has failed to provide this Court with those portions of the transcript necessary for resolution of the assigned errors, we must presume the regularity of the proceedings below and affirm, pursuant to the directive set forth above in Knapp,supra.
 {¶ 62} We note that a court stenographer's services were, by several entries, taxed as costs for the initial hearing on the fee motions and for subsequent continuation dates, but we are unaware of what occurred without providing transcripts.
 {¶ 63} While there may or may not have been a non-frivolous basis at least for the claims of invasion of privacy for the filing of personal papers of Appellant Peterman in the Estate, or for abuse of process, we are unable to make that determination without an appropriate record and must presume the correctness of the trial court's determination.
 {¶ 64} The procedural assertions of Appellant Proctor are without merit as the hearing was set and continued several times without known raising of this objection.
 {¶ 65} Appellant Proctor's Assignments of Error Nos. I and III are denied.
 {¶ 66} The judgment of the Delaware County Court of Common Pleas is affirmed.
Boggins, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to Appellant.