[Cite as *NGC/Red Hill, Inc. v. Weaver*, 2012-Ohio-5093.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| NGC/RED HILL, INC. | JUDGES:<br>Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | Case No. 12 AP 01 0008 |
| BRIAN WEAVER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Municipal Court, Case
No.  CVI 0900353


JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      October 30, 2012

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

NGC/RED HILL, INC.      DAN GUINN
c/o MILES PILLAR      118 West High Avenue
1737 Red Hill Road, NW      New Philadelphia, Ohio  44663
Dover, Ohio  44622

*Wise, J.*

{¶1} Appellant Brian Weaver appeals from a small claims decision, in the New Philadelphia Municipal Court, Tuscarawas County, in favor of Appellee NGC/Red Hill. The relevant facts leading to this appeal are as follows.

{¶2} Plaintiff-Appellee NGC/Red Hill operates a crane and equipment rental service in Dover, Ohio. At some point in the fall of 2008, Defendant-Appellant Weaver, on behalf of his business, Affordable Tree Service, rented some heavy equipment and utilized operator labor from Appellee NGC/Red Hill to use in his tree trimming business. A dispute thereafter arose between the two parties as to payment for the use of the equipment and operator.

{¶3} On November 6, 2009, appellee filed a small claims suit against appellant in the New Philadelphia Municipal Court, Tuscarawas County, seeking judgment of $1,828.00 on two invoices.

{¶4} The case was heard by a magistrate on January 13, 2010.

{¶5} On January 25, 2010, the magistrate issued a decision finding that appellant had failed to pay for services rendered by appellee and awarding judgment for $1,828.00 plus interest.

{¶6} On February 5, 2010, appellant filed an objection to the decision of the magistrate.

{¶7} On December 29, 2011, the trial court, having reviewed the objections and the transcript, approved and adopted the magistrate's decision.[1]

---

[1] Appellant's brief fails to include or attach a copy of the judgment entry under appeal. See Loc.App.R. 9(A). We have reviewed the original magistrate's decision and the trial court's judgment entry in the court's file.

{¶8}   Appellant filed a notice of appeal on January 30, 2012. He herein raises the following sole Assignment of Error:

{¶9}   "I.  THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT THE APPELLANT DID NOT SATISFY THE TERMS OF THE CONTRACT."

I.

{¶10} In his sole Assignment of Error, appellant argues the trial court erred or abused its discretion in finding non-compliance by appellant with the terms of the contract regarding the rental of appellee's tree-cutting equipment. We disagree.

{¶11} The elements of a contract include the following: an offer, an acceptance, contractual capacity, consideration (the bargained-for legal benefit or detriment), a manifestation of mutual assent, and legality of object and of consideration. *Altek Environmental Serv. Co. v. Harris,* Stark App.No. 2008CA00138, 2009–Ohio–2011, ¶ 19, citing *Kostelnik v. Helper,* 96 Ohio St.3d 1, 770 N.E.2d 58, 2002–Ohio–2985, ¶ 16.

{¶12} At trial, the president of NGC / Red Hill, Miles Pillar, presented his invoices to the magistrate and testified that the contract at issue was oral, but that he was never paid for appellant's use of the equipment. See Tr. at 4-6. Appellant presently concedes that a valid contract existed. See Appellant's Brief at 3. As no check copies, receipts, or other written documents of payment were presented at trial, the essential issue before us is whether the contract was actually fulfilled via a cash payment. We find this to be a question of the manifest weight of the evidence.

{¶13} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.

*Cross Truck v. Jeffries* (February 10, 1982), Stark App. No. CA–5758. Recently, in *Eastley v. Volkman*, 132 Ohio St.3d 328, 972 N.E.2d 517, 2012-Ohio-2179, the Ohio Supreme Court reiterated its "manifest weight" standard for civil cases taken from *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. According to *Thompkins*: "Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief*." (Emphasis sic.) *Id.* at 387, 678 N.E.2d 541, quoting *Black's Law Dictionary* (6th Ed. 1990) at 1594. The Ohio Supreme Court also reiterated: " '[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *.'" *Eastley* at 334, quoting *Seasons Coal Co., Inc. v. Cleveland* (1984)*,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 603, at 191–192 (1978).

**{¶14}** The record in the case sub judice reveals appellant's testimony before the magistrate that he had paid Pillar one day in October 2008 when Pillar drove by a job site at which appellant was working. Tr. at 13. According to appellant, Pillar came to him and asked for payment, at which time appellant paid him. *Id.* Appellant testified that he had not received a bill from appellee/Pillar after that. Tr. at 15. Additionally, an employee of Affordable Tree Service, Donald Weaver, testified that he saw such an

exchange occur, although he was not close enough to hear the exact conversation. See Tr. at 21. However, Donald Weaver recalled not being paid on that particular day because appellant purportedly did not have any money after paying Pillar. *Id.* Furthermore, Jennifer Paisley, who does appellant's bookkeeping, said that she was told by appellant that Pillar had been paid, following which she removed the bills from the accounts payable stack. Tr. at 23.

{¶15} In addition to the above evidence, appellant emphasizes that appellee did not file its small claims action until more than a year after appellee generated its invoices for the job. He also asserts, without citing to the record, that the parties ordinarily conducted business in cash. Nonetheless, it is well-established that the trier of fact is in a far better position to observe the witnesses' demeanor and weigh their credibility. See, e.g., *Taralla v. Taralla,* Tuscarawas App.No. 2005 AP 02 0018, 2005–Ohio–6767, ¶ 31, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. Upon review, we conclude that the trial court's implicit determination that appellant had not paid on the contract at issue was not against the manifest weight of the evidence.

**{¶16}** Appellant's sole Assignment of Error is therefore overruled.

**{¶17}** For the reasons stated in the foregoing, the decision of the New Philadelphia Municipal Court, Tuscarawas County, Ohio, is hereby affirmed.

By: Wise, J.

Delaney, P. J., and

Edwards, J., concur.

_____

_____

_____

JUDGES

JWW/d 1012

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| NGC/RED HILL, INC. | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BRIAN WEAVER | : | |
| | : | |
| Defendant-Appellant | : | Case No. 12 AP 01 0008 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio, is affirmed.

Costs assessed to appellant.

_____

_____

_____

JUDGES