[Cite as *Weaver v. Pillar*, 2013-Ohio-1052.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| BRIAN WEAVER, ET AL | : | Hon. W. Scott Gwin,, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiffs-Appellants/Cross-Appellees | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2012-CA-32 |
| MILES PILLAR | : |  |
|  | : |  |
| Defendant-Appellee/Cross-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:              Civil appeal from the Tuscarawas County
                                                              Court of Common Pleas, Case No.2010-
                                                              CT-0247

JUDGMENT:                                           Reversed

DATE OF JUDGMENT ENTRY:            March 18, 2013

APPEARANCES:

For Plaintiff-Appellant                        For Defendant-Appellee

DAN GUINN                                        MATTHEW MULLEN
118 West High Avenue                        Krugliak, Wilkins, Griffiths & Dougherty
New Philadelphia, OH 44663              Co., L.P.A.
                                                            158 North Broadway
                                                            New Philadelphia, OH 44663

*Gwin, P.J.*

{¶1}   Appellant Dan Guinn appeals from the April 9, 2012 Judgment Entry issued by the Tuscarawas County Court of Common Pleas.  Appellee Miles Pillar filed a Cross-Appeal.

FACTS &amp; PROCEDURAL HISTORY

{¶2}   Miles Pillar ("Pillar") is the owner of NCG/Red Hill Crane, a company that operates a crane and equipment rental service.  At some point in the fall of 2008, Brian Weaver, on behalf of his business Number One Affordable Tree Service, rented some heavy equipment from Red Hill to use in his business.  Thereafter, a heated dispute arose between the two entities as to payment for the use of the equipment.

{¶3}   Pillar made multiple calls to the residence of Weaver and Jennifer Paisley, Weaver's fiancée.  Pillar contends the calls were all to the business phone number in furtherance of collecting the debt Weaver owed him.  Weaver and Paisley state the calls were frequent and caused them to fear for their safety.  Pillar was found guilty of three counts of telecommunications harassment after he repeatedly called Weaver in August of 2009, after the Dover police told Pillar to cease making the calls.  This court affirmed the trial court's decision finding Pillar guilty in *State of Ohio v. Pillar*, 5th Dist. No. 2012 AP 01 0007, 2012-Ohio-3926.

{¶4}   Paisley and Weaver state Pillar drove by their home on several occasions.  Weaver's business is located in their home.  Pillar admits to driving by the home and business, but states this is because the house fronts a main street in Dover.

{¶5}   In August of 2009, Pillar removed Weaver's wood chipper from Weaver's property.  Pillar states he did not know this was a criminal activity; he only did so to

encourage Weaver to pay his debt, and did not damage the wood chipper. Weaver contends Pillar tampered with the wood chipper by removing a gas line and placing an unknown substance in the gas tank. In August of 2010, Pillar pled guilty to an amended indictment of one count of theft based upon his removal of Weaver's wood chipper from Weaver's property.

{¶6} In November of 2009, Pillar filed a small claims suit against Weaver in the New Philadelphia Municipal Court. The magistrate issued a decision finding Weaver failed to pay for services rendered and awarded judgment for $1,828.00 plus interest on January 25, 2010. Weaver filed objections to the Magistrate's decision on February 5, 2010. The trial court approved and adopted the magistrate's decision on December 29, 2011. Weaver appealed the trial court's order on January 30, 2012, arguing the trial court abused its discretion in finding that he did not satisfy the terms of the contract between the parties. This Court affirmed the trial court's decision on October 30, 2012, in *NCG/Red Hill, Inc. v. Weaver*, 5th Dist. No. 12 AP 01 0008, 2012-Ohio-5093.

{¶7} On February 23, 2010, Attorney Dan Guinn ("Appellant") filed a complaint on behalf of his clients, Brian Weaver dba Number One Affordable Tree Service, LLC and Jennifer Paisley ("Plaintiffs") against Miles Pillar for conversion, intentional infliction of emotion distress, invasion of privacy, and defamation. Pillar filed a Motion for Summary Judgment, covering all of Plaintiffs' claims, on February 11, 2011. The trial court held an oral hearing on Pillar's Motion for Summary Judgment. Neither Plaintiffs nor Appellant appeared at the hearing or responded to the Motion for Summary Judgment. Therefore, the trial court granted Pillar's Motion for Summary Judgment.

This court affirmed the trial court's entry granting summary judgment in *Weaver v. Pillar*, 5th Dist. No. 2011 AP 03 0017, 2012-Ohio-33, on January 4, 2012.

{¶8}  On March 11, 2011, Pillar filed a motion for sanctions pursuant to R.C. 2323.51, stating that Plaintiffs and Appellant filed a complaint with false statements merely to harass or maliciously and financially injure him, the claims were not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, and contained false allegations with no factual support.  Pillar requested the trial court order Plaintiffs and Appellant to jointly and severally pay $5,041.25 to Pillar for legal fees expended and costs.  On April 8, 2011, Appellant filed a motion for relief from the summary judgment entry pursuant to Rule 60(B) and a response to the motion for sanctions.  The trial court deferred consideration of the motions until this court ruled on the appeal of the summary judgment entry.

{¶9}  A hearing was held on Plaintiffs' Motion for Relief pursuant to Rule 60(B) and Pillar's Motion for Sanctions on February 21, 2012.  Neither party presented any testimony or witnesses during the hearing.  Pillar submitted the deposition of his previous Attorney Steven A. Anderson regarding the reasonableness of his bill and fees requested.

{¶10}  On April 9, 2012, the trial court issued a judgment entry denying Plaintiffs' motion for relief pursuant to Rule 60(B) and granting Pillar's motion for sanctions.  The trial court found "that some of the claims in Plaintiffs' Complaint were frivolous, and that Plaintiffs have engaged in frivolous conduct."  The trial court further found that Pillar was adversely affected by frivolous conduct.  After reviewing the billing statement attached to the motion for sanctions and the deposition of Attorney Steven Anderson, the court

found an additional $1,000.00 in attorney fees were reasonably incurred by Pillar in defense of Plaintiffs' frivolous claims and appropriate pursuant to R.C. 2323.51. The trial court granted Pillar's motion for sanctions, in part, requiring Plaintiffs and Appellant to jointly and severally pay $1,000.00 in attorney's fees to Pillar.

{¶11} Attorney Guinn filed an appeal of the trial court's April 9, 2012 judgment entry. Plaintiffs did not file an appeal of the trial court's judgment entry requiring them to pay $1,000.00 in attorney fees to Pillar.

{¶12} Appellant Guinn now raises the following assignments of error on appeal:

{¶13} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT FRIVOLOUS CONDUCT OCCURRED UNDER ORC 2323.51 SINCE THERE WAS A VALID BASIS FOR EACH CLAIM UNDER THE LAW.

{¶14} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT THE DEFENDANT WAS ADVERSELY AFFECTED BY DEFENDING THIS LAWSUIT.

{¶15} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT ATTORNEY FEES SHOULD BE AWARDED AGAINST THE PLAINTIFFS' COUNSEL SINCE IT WAS REASONABLE FOR COUNSEL TO PURSUE THIS LAWSUIT BASED UPON THE EVIDENCE PRESENTED TO HIM."

{¶16} Appellee/Cross-Appellant Miles Pillar assigns a single error on cross-appeal:

Cross-Assignment of Error

{¶17} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT APPELLEE WAS ONLY ENTITLED TO $1,000.00 IN DAMAGES ON ITS CLAIM OF FRIVOLOUS CONDUCT UNDER O.R.C. 2323.51."

I.

{¶18} R.C. 2323.51 provides that a court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct.  In R.C. 2323.51(A)(2)(a), "frivolous conduct" is defined as follows:

"(i) * * * [conduct that] serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) * * * [conduct that] is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

(iii) * * * [conduct that] consists of allegations or other factual contentions that have no evidentiary support or, if specifically identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."

{¶19} A motion for sanctions pursuant to R.C. 2323.51 requires a three-step analysis by the trial court: (1) whether the party engaged in frivolous conduct, (2) if the conduct was frivolous, whether any party was adversely affected by it, and (3) if an

award is to be made, the amount of award. *Ferron v. Video Professor Inc.*, 5th Dist. No. 08-CAE-09-0055, 2009-Ohio-3133. The question of what constitutes frivolous conduct may be either a factual determination, or a legal determination. *Pingue v. Pingue*, 5th Dist. No. 06-CAE-10-0077, 2007 WL 2713763 (Sept. 18, 2007), citing *Wiltberger v. Davis*, 110 Ohio App.3d 46, 673 N.E.2d 628 (10th Dist. 1996). A determination that the conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law requires a legal analysis. *Lable & Co. v. Flowers*, 104 Ohio App.3d 227, 661 N.E.2d 782 (9th Dist. 1995). Thus,

> While the abuse of discretion standard is appropriate when reviewing a trial court's determination of whether a party has engaged in conduct merely to harass or maliciously injure another, an issue that necessarily involves factual considerations, it is improper for a reviewing a trial court's determination whether a party has pursued a legally groundless claim. Because legally groundless frivolous conduct involves a question of law, we review it de novo.

{¶20} *Riston v. Butler*, 149 Ohio App.3d 390, 397-398, 2002-Ohio-2308, 777 N.E.2d 857 (1st Dist). A purely legal issue is reviewed de novo. *Wiltberger*, 110 Ohio App.3d 46, 673 N.E. 2d 628 (10th Dist. 1996). However, some degree of deference is appropriate in reviewing a trial court's factual determinations and we will not disturb factual determinations where the record contains competent, credible evidence to support these findings. *Id.*

**{¶21}** R.C. 2323.51 was designed to chill egregious, overzealous, unjustifiable and frivolous actions, not to chill legitimate claims or punish misjudgment or tactical error. *Ferron*, 5th Dist. No. 08-CAE-09-0055, 2009-Ohio-3133; *Riston*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857. The test in determining whether the claim itself is frivolous is whether no reasonable lawyer would have brought the action in light of the existing law. *Riston*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857, citing *Hickman v. Murray*, 2nd Dist. No. CA 15030, 1996 WL 125916 (March 22, 1996). "In other words, a claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim." *Id.* at 400, quoting *Hickman v. Murray*. Further, simply because a claim is unsuccessful, a finding of frivolous conduct for bringing the claims is not automatically warranted. *Ferron*, 5th Dist. No. 08-CAE-09-0055, 2009-Ohio-3133; See also *Lable & Co.*, 104 Ohio App.3d 227, 661 N.E.2d 782 (9th Dist. 1995) (finding sanctions were not appropriate even though summary judgment was granted).

*R.C. 2323.51(A)(2)(a)(i)*

**{¶22}** In his motion for sanctions, Pillar argues he is entitled to attorney fees pursuant to R.C. 2323.51 because Appellant engaged in conduct that serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

**{¶23}** The trial court found that "some" of the claims in Plaintiffs' complaint were frivolous. However, it is unclear what the trial court determined was frivolous and there is no specific finding by the trial court that the filing of the complaint was done to "harass

or maliciously injure" Pillar. Further, there is no evidence in the record that Plaintiffs or Appellant intended to harass or maliciously injure Pillar. Accordingly, we cannot conclude that the trial court based its decision to impose sanctions on R.C. 2323.51(A)(2)(a)(i).

*Conversion*

{¶24} Pillar states the filing of a claim for conversion and the failure to make a reasonable inquiry of the facts of the complaint regarding conversion by Appellent constitutes frivolous conduct because there is no physical evidence Pillar tampered with the wood chippers. We disagree. Conversion is defined as the "wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights." *Heflin v. Ossman*, 5th Dist. No. 05CA17, 2005-Ohio-6876, quoting *Joyce v. General Motors Corp.*, 49 Ohio St.3d 93, 96, 551 N.E.2d 172 (1990).

{¶25} We find a reasonable lawyer might have brought and argued Plaintiffs' action for conversion in light of the existing law. Pillar admitted to taking the wood chipper without permission and pled guilty to an amended indictment of one count of theft based upon his removal of Weaver's wood chipper from Weaver's property. In his discovery responses, Weaver states the wood chipper that was fully operational prior to Pillar's removing it from Weaver's property had a gas line removed and a substance added to the oil. Weaver also states a second wood chipper was damaged in the same fashion as the first wood chipper that Pillar admitted to removing from Weaver's property.

*Intentional Infliction of Emotional Distress*

{¶26} Pillar argues the filing of a claim for intentional infliction of emotional distress and the failure to make a reasonable inquiry of the facts of the complaint regarding intentional infliction of emotional distress by Appellant constitutes frivolous conduct because Plaintiffs' medical records demonstrate Pillar was not the cause of any emotional distress and Plaintiffs should have expected business collection calls to be made to their combined business/home phone line. We disagree. "To prove a claim of intentional infliction of emotional distress, the plaintiff must show that the defendant intentionally or recklessly caused him serious emotional distress by extreme and outrageous conduct." *Stafford v. Columbus Bonding Ctr.*, 177 Ohio App.3d 799, 809, 2008-Ohio-3948, 896 N.E.2d 191 (10th Dist.), citing *Yeager v. Local Union 20*, 6 Ohio St.3d 369, 453 N.E.2d 666 (1983).

{¶27} We find a reasonable lawyer could have brought and argued Plaintiffs' action for intentional infliction of emotional distress in light of the existing law. Pillar admits in an affidavit he contacted Weaver's business phone number numerous times, but he was always attempting to collect a debt and never harassed or threatened Weaver or his fiancée. In their answers to interrogatories, both Weaver and Paisley state Pillar phoned them numerous times. Paisley states she saw Pillar drive by the residence on at least two occasions, she had panic attacks, and feared for the safety of her family due to the actions of Pillar. While the medical records demonstrate Weaver and Paisley were on anti-anxiety medication prior to the incidents with Pillar, this fact alone would not make the filing of the compliant for intentional infliction of emotional distress frivolous.

**{¶28}** Further, at the time of the filing of the complaint, Appellant had available to him records of two separate criminal convictions of Pillar. In one case, Pillar was found guilty of three counts of telecommunications harassment stemming from calls made to Plaintiffs. In the other case, Pillar pled guilty to an amended indictment of one count of theft based upon his removal of Weaver's wood chipper from Weaver's property. It is feasible that the victims in these cases might have been able to show that Pillar intentionally or recklessly caused them serious emotional distress by extreme and outrageous conduct.

*Invasion of Privacy*

**{¶29}** Pillar argues the filing of a claim for invasion of privacy and the failure to make a reasonable inquiry of the facts of the complaint regarding invasion of privacy by Appellent constitutes frivolous conduct because Plaintiffs should expect collection calls to come to their combined business/home phone line. We disagree. The tort of invasion of privacy includes four separate torts: "(1) intrusion upon the plaintiff's seclusion or solitude, or into his private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity which places the plaintiff in a false light in the public eye; and (4) appropriation." *Peterman v. Stewart*, 5th Dist. No. 05-CAE-12-0082, 2006-Ohio-4671, citing *Henson v. Henson*, 9th Dist. No. 22772, 2005-Ohio-6321.

**{¶30}** Plaintiffs did not claim Pillar misappropriated their name or likeness, publicized their affairs, or portrayed them in a false light. Rather, Plaintiffs claimed Pillar made an unreasonable intrusion upon their right to seclusion. "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy if the

intrusion would be highly offensive to a reasonable person." *Sustin v. Fee*, 69 Ohio St.2d 143, 145, 431 N.E.2d 992 (1982).

**{¶31}** We find a reasonable lawyer could have brought and argued Plaintiffs' action for invasion of privacy in light of the existing law. As noted above, Pillar states in an affidavit that he contacted Weaver's business phone number numerous times to collect a debt and both Weaver and Paisley state Pillar phoned them numerous times. Paisley states she saw Pillar drive by the residence on at least two occasions, she had panic attacks, and feared for the safety of her family due to the actions of Pillar. Pillar was found guilty of three counts of telecommunications harassment stemming from calls made to Weaver and pled guilty to an amended indictment of one count of theft based upon his removal of Weaver's wood chipper from Weaver's property. It is feasible that such intrusion might be highly offensive to a reasonable person.

*Defamation*

**{¶32}** Pillar argues the filing of a claim for defamation and the failure to make a reasonable inquiry of the facts of the complaint regarding defamation by Appellent constitutes frivolous conduct because Pillar's true statements made against Plaintiffs could not constitute defamation. We disagree. The following elements are needed to establish a defamation claim:

> "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." (Internal citations and quotations omitted).

{¶33} *Akron-Canton Waste Oil, Inc. v. Safety-Kleen Oil Serv. Inc.*, 81 Ohio App.3d 591, 601, 611 N.E.2d 955 (9th Dist. 1992).

{¶34} In Plaintiffs' complaint, they allege that in August of 2009, Pillar went to the homes of different individuals and told them Plaintiffs owed him money, that these statements were false and defamatory because Plaintiffs paid the debt owed to Pillar, and that Pillar's statements caused these individuals to believe Plaintiffs were not trustworthy in their business dealings. In his answers to interrogatories, Weaver identifies John Bitikofer and James Pietro as the individuals Plaintiffs allege Pillar told Plaintiffs owed him money. Pillar argues the New Philadelphia Court's judgment in favor of Pillar and this court's subsequent judgment entry affirming the New Philadelphia Municipal Court's judgment demonstrates the defamation claim was frivolous.

{¶35} We agree with Pillar that the truth is a complete defense to defamation. See *Croskey v. Universal Health Serv.*, 5th Dist. No. 09 CA 37, 2009-Ohio-5951. However, in this case, the issue as to whether a debt was owed by Plaintiffs to Pillar was not settled until October 30, 2012. In his answers to interrogatories, Weaver maintains he paid Pillar for the equipment and work done. Weaver correctly states that, at the time of his answering the interrogatories, the magistrate had issued a decision finding him liable, but Weaver had filed objections to the magistrate's decision. The trial court did not approve and adopt the magistrate's decision until December 29, 2011, over a year after the complaint filed by Plaintiffs on February 23, 2010. Further, the trial court had not approved and adopted the magistrate's decision prior to the filing of Pillar's Motion for Summary Judgment on February 11, 2011. Weaver continued to

dispute whether he paid Pillar when he appealed the New Philadelphia Municipal Court's order on January 30, 2012.

{¶36} At the time of the filing of the complaint and when a judgment was rendered by the trial court on the summary judgment motion, the question of whether Plaintiffs paid Pillar was being litigated and no final conclusion had been reached. Thus, Appellant could not know, with reasonable inquiry, whether the defense of truth would prevent his defamation claim from being actionable. Therefore, we find a reasonable lawyer might have brought and argued Plaintiffs' action in light of the existing law.

{¶37} We find that while the claims in Plaintiffs' complaint may have been unsuccessful, the claims for conversion, intentional infliction of emotional distress, invasion of privacy, and defamation were not wholly unwarranted, could be supported by a good faith argument, did not lack evidentiary support, and Appellant made a reasonable inquiry of the facts of the complaint regarding the claims. We therefore reverse the trial court on its determination that Appellant engaged in frivolous conduct and sustain Appellant's First Assignment of Error.

II.

{¶38} "Where a determination has been made that an entire lawsuit, a certain claim or claims, or a defense or defenses asserted in a civil action were frivolous, the party seeking R.C. 2323.51 attorney fees must affirmatively demonstrate that he or she incurred additional attorney fees as a direct, identifiable result of defending the frivolous conduct in particular." *Wiltberger*, 110 Ohio App.3d at 54, 673 N.E.2d 628 (10th Dist.

1996).    A party is not adversely affected only "upon the fundamental necessity to expend attorney fees to defend a lawsuit in general." *Id.*

**{¶39}**        In this case, Pillar submitted a deposition by Attorney Steven Anderson and a billing statement with a breakdown of the requested $5,041.25 amount. This billing statement includes time for: reviewing the complaint, preparing an answer, preparing discovery, reviewing medical records, conferencing with his client, researching issues related to the motion for summary judgment, preparing of the motion for summary judgment, and attendance at the summary judgment hearing.    Attorney Anderson testified he prepared the billing statement and the fees charged by his firm in this case are reasonable and necessary.    However, the services listed by Attorney Anderson in the billing statement cover the types of actions necessary to defend the lawsuit in general, rather than being directly related to the alleged frivolous conduct.

**{¶40}** We find the record lacks evidence that Pillar was adversely affected by having to defend allegedly frivolous claims, as distinguished from the need to defend the lawsuit in general.    Accordingly, we sustain Appellant's Second Assignment of Error.

III. & Cross-Assignment of Error

**{¶41}** The trial court determined the amount requested by Pillar of $5,041.25 was not reasonable and instead found $1,000.00 in attorney fees were reasonably incurred by Pillar in defense of Plaintiffs' frivolous claims and was appropriate pursuant to R.C. 2323.51.    Pillar argues the trial court abused its discretion in only awarding $1,000.00 in attorney fees.    Appellant argues the trial court abused its discretion by awarding any attorney fees.

**{¶42}** As noted above, when a determination is made that a claim or lawsuit is frivolous, the party seeking fees must show that additional fees were incurred "as a direct, identifiable result of defending the conduct in particular." *Wiltberger*, 110 Ohio App.3d at 54, 673 N.E.2d 628 (10th Dist. 1996). The trial court's judgment entry does not describe with specificity how it arrived at the lower figure. Thus, this court cannot determine if the attorney fees are directly related to actions necessitated by the alleged frivolous conduct. However, since we sustained Assignments of Error I and II, it is not necessary to remand the matter to the trial court to state with specificity which portion of the attorney fees are directly related to the claim alleged to be frivolously brought under R.C. 2323.51.

**{¶43}** Upon our review of the record, we find the trial court erred in finding Appellant Dan Guinn engaged in frivolous conduct and in finding that Pillar was adversely affected by the alleged frivolous conduct.

**{¶44}** The judgment of the Tuscarawas County Court of Common Pleas is reversed.

By Gwin, P.J., and

Wise, J., concur;

Hoffman, J., concurs

separately

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE


WSG:clw 0227

*Hoffman, J., concurring*

**{¶45}**        I concur in the majority's analysis and disposition of Appellant/Cross-Appellee's first assignment of error and Appellee/Cross-Appellant's cross-assignment of error.

**{¶46}** Based thereon, I would find Appellant/Cross-Appellee's second and third assignments of error moot.


_____
HON. WILLIAM B. HOFFMAN

[Cite as *Weaver v. Pillar*, 2013-Ohio-1052.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BRIAN WEAVER, ET AL | : | |
| | : | |
|   Plaintiffs-Appellants/Cross-Appellees | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MILES PILLAR | : | |
| | : | |
| | : | |
|   Defendant-Appellee/Cross-Appellant | : | CASE NO. 2012-CA-32 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is reversed as to appellant Guinn only.  Appellee to pay court costs.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE